COMMONWEALTH of Pennsylvania, Appellant,

v.

CORBAN CORPORATION, d/b/a Encor Coatings, Inc., Appellee.

Commonwealth of Pennsylvania, Appellant,

v.

William R. Condosta, Appellee.

Superior Court of Pennsylvania.

Argued April 5, 2006.
Filed Oct. 4, 2006.

---

Roy A. Manwaring, Asst. Dist. Atty., Erie, for Com., appellant.

Steve N. Goudsouzian, Easton, for Corban, appellee.

Sara Hogan, Bethlehem, for Condosta, appellee.

Eric G. Preputnick, Erie, Harrisburg, for Dept. of Labor and Industry, Amicus Curiae.

BEFORE: STEVENS, GANTMAN, and KELLY, JJ.

OPINION BY GANTMAN, J.:

¶ 1 The Commonwealth of Pennsylvania appeals from the final order [1] of the Northampton Court of Common Pleas entered in two criminal cases against Appellees, Corban Corporation d/b/a Encor Coatings, Inc. ("Corban") and William R. Condosta ("Condosta"). The order granted Corban's and Condosta's motions to dismiss the criminal charges against them for numerous offenses arising from their failure to maintain Workers' Compensation Insurance, pursuant to 77 P.S. § 501. Specifically, the Commonwealth asks us to determine whether the trial court erred when it dismissed the charges, based upon the expiration of the general two-year statute of limitations set forth in 42 Pa.C.S.A. § 5552. We hold that the dismissed offenses were subject to the five-year statute of limitations of 77 P.S. § 1039.12, not the two-year statute of limitations of 42 Pa. C.S.A. § 5552. Accordingly, we reverse and remand for further proceedings.

¶ 2 The relevant facts and procedural history of this appeal are as follows. On December 7, 2000, Elmer Kennedy, III was working for Corban as a forklift operator and hard laborer. When Mr. Kennedy entered a building at the Corban facility, sparks made contact with his clothing and ignited. (N.T. Hearing (Motion to Dismiss), 1/18/05, at 11). Mr. Kennedy sustained serious burns to his back, which required protracted medical treatment.

¶ 3 Subsequently, Mr. Kennedy hired an attorney to pursue Workers' Compensation benefits to mitigate the significant financial burden he incurred as a consequence of his work injury. Mr. Kennedy completed and submitted the paperwork required to make a claim for Workers' Compensation benefits. His claim, however, was denied due to Corban's lack of Workers' Compensation Insurance coverage on December 7, 2000.

¶ 4 Lehigh County Insurance Fraud Task Force initiated an investigation of Corban's Workers' Compensation Insurance coverage to determine the extent of the corporation's infractions. An investigator with the Bureau of Workers' Compensation verified that Corban had no Workers' Compensation Insurance coverage on December 7, 2000, the date of Kennedy's injury. The investigation revealed Corban had failed in the past to maintain Workers' Compensation Insurance coverage.

¶ 5 Mr. Mark Grandinetti, the insurance agent who was responsible for procuring Corban's insurance, testified at the preliminary hearing. Mr. Grandinetti testified that Condosta was the contact person at Corban. Mr. Grandinetti dealt solely with Condosta regarding any and all Workers'

---

1. This appeal does not appear to implicate or require the Commonwealth Court's specific expertise, because the issue as presented is a pure question of law concerning the applicable statute of limitations. Moreover, no one has objected to this Court's exercise of jurisdiction. *See* Pa.R.A.P. 741 (stating failure of appellee to object to appellate court jurisdiction before record is filed shall operate to perfect appellate jurisdiction of such appellate court, unless appellate court shall otherwise order, notwithstanding any provision of law vesting jurisdiction of such appeal in another appellate court). Therefore, we will retain jurisdiction.

Compensation Insurance issues for Corban's business.[2] Mr. Grandinetti testified that, according to his business records, Corban had allowed its Workers' Compensation Insurance coverage to lapse on numerous occasions for extended periods of time, beginning in 1995, for failure to pay premiums. Mr. Grandinetti also confirmed that Corban had no Workers Compensation Insurance coverage on December 7, 2000, the date of Mr. Kennedy's accident.

¶ 6 On September 21, 2004, the Lehigh County Insurance Fraud Task Force filed a criminal complaint asserting seven counts of third-degree felony charges, under 77 P.S. § 501(a)(1), against Corban and Condosta for failing to maintain Workers' Compensation Insurance during the following periods:

November 1, 2000 through November 30, 2000

December 1, 2000 through December 22, 2000

June 18, 2002 through June 30, 2002

July 1, 2002 through July 31, 2002

August 1, 2002 through August 31, 2002

September 1, 2002 through September 9, 2002

June 1, 2000 through July 17, 2003 [3]

(See Criminal Complaint, filed 9/21/04, at 2–2.)

¶ 7 On April 1, 2005, Corban and Condosta filed separate omnibus pretrial motions, in which each objected to the timeliness of the Commonwealth's criminal complaints on the ground that the two-year statute of limitations set forth in 42

Pa.C.S.A. § 5552 had expired. Specifically, they argued that the offenses as charged occurred before September 10, 2002. Therefore, the Commonwealth's criminal complaint, filed on September 24, 2004, was untimely filed beyond the two-year limitations period.

¶ 8 On July 22, 2005, the trial court granted the motions to dismiss, based upon the two year statute of limitations contained in 42 Pa.C.S.A. § 5552. On August 12, 2005, the Commonwealth filed a notice of appeal. On August 19, 2005, the court ordered the Commonwealth to file a concise statement of matters complained of on appeal, pursuant to Pa.R.A.P. 1925(b). The Commonwealth timely filed its Rule 1925(b) statement on August 25, 2005.

¶ 9 On appeal, the Commonwealth raises three issues for our review:

WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO APPLY THE FIVE (5) YEAR STATUTE OF LIMITATIONS CONTAINED AT 77 P.S. § 1039[.]12 TO THE CRIMINAL CHARGES FILED AGAINST THE DEFENDANTS?

WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW IN APPLYING THE TWO (2) YEAR STATUTE OF LIMITATIONS CONTAINED AT 42 Pa.C.S. § 5552 TO THE CRIMINAL CHARGES FILED AGAINST THE DEFENDANTS?

WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW IN DISMISSING THE CRIMINAL CHARGES FILED AGAINST THE

---

2. Condosta also conceded, during deposition testimony in a related action, that as Vice President of Operations for Corban, he had the duty to procure and maintain Workers Compensation Insurance coverage at all relevant times.

3. The seventh count was filed against Encor Coatings Inc., a fictitious entity, which was not required to maintain Workers Compensation Insurance coverage apart from Corban and Condosta. Accordingly, the Commonwealth agreed to dismissal of the seventh count.

DEFENDANTS PURSUANT TO 42 Pa.C.S. § 5552?

(Commonwealth's Brief at 4).

¶ 10 The interpretation and "application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law." *Commonwealth v. Williams*, 871 A.2d 254, 262 (Pa.Super.2005). Where the date of discovery of criminal acts is unrebutted, the issue of whether the statute of limitations for prosecution has run is a question of law for the trial judge. *Commonwealth v. Hoffman*, 263 Pa.Super. 442, 398 A.2d 658, 661 (1979). "As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary." *In re Wilson*, 879 A.2d 199, 214 (Pa.Super.2005) (*en banc*).

¶ 11 The Commonwealth argues the five-year statute of limitations contained in the Workers' Compensation Act, at 77 P.S. § 1039.12, applies to the charges filed against Corban and Condosta for failing to maintain the requisite Workers' Compensation Insurance. The Commonwealth contends it should be able to prosecute any criminal acts committed by Corban and Condosta since September 21, 1999, five years before the criminal complaint was filed. The Commonwealth maintains the statute of limitations in Section 1039.12 applies to the prosecution of criminal violations of the Workers' Compensation Act. The Commonwealth concludes the court erred in dismissing the charges against Corban and Condosta, based upon the expiration of the general two-year limitations set forth in 42 Pa. C.S.A. § 5552. We agree.

¶ 12 This case involves the interpretation and application of Section 501 of Pennsylvania's Workers' Compensation Act, which provides in relevant part:

**§ 501 Insurance of payment of compensation by employer; appeal from denial of exemption; effect of failure to insure; penalty; remedies for failure to secure payment**

(a)(1) Every employer liable under this act to pay compensation shall insure the payment of compensation in the State Workmen's Insurance Fund, or in any insurance company, or mutual association or company, authorized to insure such liability in this Commonwealth, unless such employer shall be exempted by the department from such insurance....

\* \* \*

(b) Any employer who fails to comply with the provisions of this section for every such failure, shall, upon conviction in the court of common pleas, be guilty of a misdemeanor of the third degree. If the failure to comply with this section is found by the court to be intentional, the employer shall be guilty of a felony of the third degree. Every day's violation shall constitute a separate offense.... It shall be the duty of the department to enforce the provisions of this section; and it shall investigate all violations that are brought to its notice and shall institute prosecutions for violations thereof. ...

\* \* \*

77 P.S. § 501(a)(1), (b). The specific statute of limitations provision upon which the Commonwealth relies is contained within Pennsylvania's Workers' Compensation Act and reads:

**§ 1039.12 Limitations for prosecutions of offenses**

A prosecution for an offense under this act must be commenced within five years after commission of the offense.

77 P.S. § 1039.12 (emphasis added).

¶ 13 The general statute of limitations section upon which Corban and Condosta

rely is found in Chapter 55, Limitation of Time, Subchapter C. Criminal Proceedings, and provides:

§ 5552 **Other offenses**

(a) **General rule**—Except as otherwise provided in this subchapter, a prosecution for an offense must be commenced within two years after it is committed.

\* \* \*

42 Pa.C.S.A. § 5552(a). This subsection operates as a default two year statute of limitations for criminal offenses generally. *Id.* Nevertheless, even Section 5552 contains exceptions, such as:

§ 5552 **Other offenses**

\* \* \*

(c) **Exceptions**–If the period prescribed in subsection (a) ... has expired, a prosecution may nevertheless be commenced for:

(1) Any offense a material element of which is either fraud or breach of fiduciary obligation within one year after discovery of the offense by an aggrieved party or by a person who has a legal duty to represent an aggrieved party and who is himself not a party to the offense, but in no case shall this paragraph extend the period of limitation otherwise applicable by more than three years.

\* \* \*

42 Pa.C.S.A. § 5552(c)(1).

■■ ¶ 14 The proper method for raising a statute of limitations defense to criminal charges is by filing a pretrial omnibus motion to dismiss the charges. *Commonwealth v. Rossetti,* 863 A.2d 1185, 1190 (Pa.Super.2004), *appeal denied,* 583 Pa. 689, 878 A.2d 864 (2005); *Commonwealth v. Groff,* 378 Pa.Super. 353, 548 A.2d 1237, 1244 (1988). The Commonwealth bears the burden to establish that a crime as

charged was committed within the applicable statute of limitations period. *Id.* at 1248.

■■ ¶ 15 The principal objective of statutory interpretation and construction is to ascertain and effectuate the intention of the legislature. 1 Pa.C.S.A. § 1921(a); *Commonwealth v. Menezes,* 871 A.2d 204, 209 (Pa.Super.2005); *Commonwealth v. Reaser,* 851 A.2d 144, 148 (Pa.Super.2004), *appeal denied,* 581 Pa. 674, 863 A.2d 1145 (2004). When possible, every statute should be construed to give effect to all its provisions. 1 Pa.C.S.A. § 1921(a); *Commonwealth v. Drummond,* 775 A.2d 849, 855–56 (Pa.Super.2001) *(en banc), appeal denied,* 567 Pa. 756, 790 A.2d 1013 (2001). Courts must read and evaluate each section of a statute in the context of, and with reference to, the other sections of the statute, because there is a presumption that the legislature intended the entire statute to be operative and effective. *Id.* at 856; *Commonwealth v. Campbell,* 758 A.2d 1231, 1234 (Pa.Super.2000); *Commonwealth v. Lopez,* 444 Pa.Super. 206, 663 A.2d 746, 748 (1995).

■■ ¶ 16 The plain language of a statute is the best indication of legislative intent. *Reaser, supra* at 149; *Drummond, supra* at 856. "The basic tenet of statutory construction requires a court to construe words of the statute according to their plain meaning." *Commonwealth v. Heberling,* 451 Pa.Super. 119, 678 A.2d 794, 795 (1996). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." *Menezes, supra* at 204; 1 Pa.C.S.A. § 1921(b).

¶ 17 Another guiding principle stated in the Statutory Construction Act provides:

§ 1933 **Particular controls general**

Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S.A. § 1933. *See, e.g., Menezes, supra* at 209 (finding specific statute requiring court to impose mandatory sentence of forty-eight consecutive hours in jail for DUI conviction controlled over general sentencing statute that requires court to give credit for time already served in jail). This Court has also held that general provisions of the Crimes Code do not apply to other distinct areas of law where an offense is clearly defined and a penalty is enunciated under a separate statutory scheme. *Commonwealth v. Davis,* 421 Pa.Super. 454, 618 A.2d 426, 429 (1992). *See also Commonwealth v. Bidner,* 282 Pa.Super. 100, 422 A.2d 847, 850–55 (1980) (holding: "[T]he Crimes Code was not meant to prevail over the specific penalty measures of the Election Code"; specific exception set forth in Section 5552(c) prevailed over general limitations period of two years set forth in Section 5552(a), where fraud was material element of offense charged).

¶ 18 In the instant case, Section 1039.12 of the Workers' Compensation Act makes clear that prosecutions for offenses under this act must be commenced within five years after commission. *See* 77 P.S. § 1039.12. Notably, the Section uses the phrase "this act" when defining the offenses to which the five-year statute of limitations applies. *See id.* The unequivocal language of Section 1039.12 and its use of the phrase "this act" leads us to conclude the specific five-year limitations period of Section 1039.12 applies to the entire Workers' Compensation Act. Thus we reject the notion that Section 1039.12 is limited to Article XI. *Compare* 77 P.S. § 1039.8 (stating: "Nothing in **this article** shall be construed to prohibit any conduct by an attorney or law firm which is expressly permitted by the Rules of Professional Conduct …"); 77 P.S. § 1039.9(a) (providing: "The district attorneys of several counties shall have authority to investigate and to institute criminal proceedings for any violation of **this article**") (emphasis added). Consistent with this Court's previous holdings, 42 Pa.C.S.A. § 5552 does not control prosecutions under the Workers' Compensation Act, because the Workers' Compensation Act is a distinct area of law, which clearly defines the offenses and enunciates a penalty under its separate statutory scheme. *See Davis, supra.*

¶ 19 Any perceived conflict between 42 Pa.C.S.A. § 5552(a) and 77 P.S. § 1039.12 can also be resolved by viewing Section 1039.12 as an exception to Section 5552, analogous to the manner in which the other exceptions to Section 5552 are understood. In that way, we can give effect to both sections. *See* 1 Pa.C.S.A. § 1933.

¶ 20 Moreover, the strict two-year statute of limitations under Section 5552(a) would impair the Commonwealth's ability to prosecute offenses arising under the Workers' Compensation Act, as the limitations period would likely expire before the injured employee, the Commonwealth, or the administering department was even cognizant that any Workers' Compensation violation had occurred. Section 602 of the Workers' Compensation Act covers the filing requirements for benefits and allows an injured employee three years to file a

Workers' Compensation claim. Typically, it is only upon the filing of a claim for benefits that the agency tasked with administering the claims process becomes aware of an employer's transgressions. Therefore, a two-year statute of limitations would severely restrict the Commonwealth's ability to prosecute Section 501 offenses. Application of the five-year limitations period in Section 1039.12 to Section 501 offenses is also consistent with the deterrent objectives of the Workers' Compensation Act and helps further the Act's intended purpose, which is to provide payment to the injured worker commensurate with the damage from accidental work-related injury, as a fair exchange for the surrender of every other right of action against the employer. *See City of Erie v. W.C.A.B. (Annunziata)*, 575 Pa. 594, 601, 838 A.2d 598, 602 (2003).

¶ 21 Based on the foregoing, we hold that the five-year statute of limitations provided in 77 P.S. § 1039.12 applies to prosecutions for violations under 77 P.S. § 501; and the offenses in this case were improperly dismissed. Accordingly, we reverse and remand for further proceedings.

¶ 22 Order reversed; case remanded for further proceedings. Jurisdiction is relinquished.