J-S77039-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, :     IN THE SUPERIOR COURT OF
                                 :                 PENNSYLVANIA
             Appellee          :
                                   :
                 v.                  :
                                   :
SONNY L. THOMAS,                 :
                                   :
             Appellant         :       No. 1907 EDA 2014

Appeal from the PCRA Order Entered June 11, 2014,
in the Court of Common Pleas of Northampton County,
Criminal Division at No(s): CP-48-CR-0000622-2005

BEFORE:  STABILE, JENKINS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:       **FILED FEBRUARY 10, 2015**

Sonny L. Thomas (Appellant) appeals *pro se* from an order dismissing his petition for writ of *habeas corpus ad subjiciendum*.  We affirm.

This Court previously summarized the background underlying this matter as follows.

> Appellant was convicted of first-degree murder and sentenced on February 13, 2006, to a term of life imprisonment without the possibility of parole.  He filed a timely direct appeal, and this Court affirmed his judgment of sentence on December 27, 2006.  **Commonwealth v. Thomas**, 918 A.2d 792 (Pa. Super. 2006) (unpublished memorandum).  Appellant did not file a petition for permission to appeal to our Supreme Court and, accordingly, his judgment of sentence became final [for the purposes of the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546,] on January 26, 2007.
>
> On February 28, 2008, Appellant filed a *pro se* PCRA petition arguing that his trial counsel was ineffective for failing to file a petition for allowance of appeal with our Supreme Court. PCRA counsel was appointed, but the court ultimately rejected Appellant's claim for relief because his petition was untimely

* Retired Senior Judge assigned to the Superior Court.

filed. Appellant appealed and, after this Court affirmed the order denying his untimely petition, our Supreme Court denied his petition for permission to appeal. ***Commonwealth v. Thomas***, 981 A.2d 323 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 986 A.2d 150 (Pa. 2009).

Then, on September 17, 2010, Appellant filed a petition for writ of *habeas corpus*. The court treated this filing as a PCRA petition and appointed counsel. However, counsel subsequently filed a petition to withdraw from representing Appellant. On January 25, 2011, the PCRA court issued an order notifying Appellant of its intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907, and granting his counsel's petition to withdraw. On February 17, 2011, the court issued an order formally dismissing Appellant's PCRA petition. Appellant filed a timely *pro se* notice of appeal….

***Commonwealth v. Thomas***, 46 A.3d 813 (Pa. Super. 2012) (unpublished memorandum at 1-2) (some citations omitted).

On appeal, this Court determined that the lower court properly treated Appellant's writ of *habeas corpus* as a PCRA petition. The Court then affirmed the lower court's order, concluding that Appellant untimely filed his PCRA petition. ***Id.***

On December 5, 2013, Appellant, acting *pro se*, filed a petition for writ of *habeas corpus ad subjiciendum*. He captioned the petition "Sonny L. Thomas v. John Kerestes." According to the petition, John Kerestes is the superintendent of SCI-Mahanoy, where Appellant is incarcerated. As best we can discern, in this petition, Appellant contended that his continued incarceration is illegal because a proper sentencing order does not exist as

- 2 -

required by 42 Pa.C.S. § 9764(a)(8).[1]  Thus, Appellant seemed to believe that the Department of Corrections lacks the statutory authority to detain him.

The lower court treated Appellant's petition as a request for relief pursuant to the PCRA.  On May 29, 2014, the court issued notice pursuant to Pa.R.Crim.P. 907 that it intended to dismiss the petition without holding an evidentiary hearing.  The court concluded that Appellant's sentence was legal, as the sentencing court properly imposed it pursuant to 18 Pa.C.S. § 1102(a)(1) (mandating that defendants convicted of first-degree murder shall be sentenced to death or to a term of life imprisonment).

Appellant filed a response to the court's Rule 907 notice.  On June 11, 2014, the lower court formally dismissed Appellant's petition for the reasons cited in its Rule 907 notice.  Appellant timely filed a notice of appeal.  The

---

[1] Subsection 9764(a)(8) provides as follows:

> **(a) General rule.--**Upon commitment of an inmate to the custody of the Department of Corrections, the sheriff or transporting official shall provide to the institution's records officer or duty officer, in addition to a copy of the court commitment form DC-300B generated from the Common Pleas Criminal Court Case Management System of the unified judicial system, the following information:
>
> ***
>
> (8) A copy of the sentencing order and any detainers filed against the inmate which the county has notice.

42 Pa.C.S. § 9764(a)(8).

lower court directed Appellant to comply with Pa.R.A.P. 1925(b), and Appellant subsequently filed a 1925(b) statement. In his brief to this Court, Appellant argues that the lower court improperly treated his petition for a writ of *habeas corpus* as a PCRA petition.[2]

We agree with Appellant that the lower court erred by treating his petition for a writ of *habeas corpus* as a PCRA petition. In *Joseph v. Glunt*, 96 A.3d 365 (Pa. Super. 2014), the incarcerated appellant raised a similar claim as the one at issue in this case. That appellant presented his claim in a petition for a writ of *habeas corpus*. This Court concluded that such a claim legitimately sounds in *habeas corpus*. *Joseph*, 96 A.3d at 368-69.

However, this error does not warrant a remand to the lower court, let alone require relief for Appellant. In *Joseph*, this Court rejected Appellant's claim, concluding, *inter alia*:

> None of the provisions of section 9764 indicate[s] an affirmative obligation on the part of the DOC to maintain and produce the documents enumerated in subsection 9764(a) upon the request of the incarcerated person. Moreover, section 9764 neither expressly vests, nor implies the vestiture, in a prisoner of any remedy for deviation from the procedures prescribed within.

*Id.* at 371.

As was the case in *Joseph*, both the trial court's docket and the transcript of Appellant's sentencing hearing confirm the imposition and

---

[2] This issue raises a question of law. "As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary." *Commonwealth v. Corban Corp.*, 909 A.2d 406, 410 (Pa. Super. 2006).

legitimacy of Appellant's sentence. *Id.* at 372. Accordingly, Appellant's contention that his continued incarceration is illegal is meritless. Thus, because the lower court properly dismissed Appellant's petition for writ of *habeas corpus ad subjiciendum*, we affirm the court's order.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2015

---

[3] "[W]e can affirm the trial court's decision on any valid basis, as long as the court came to the correct result[.]" *Wilson v. Transport Ins. Co.*, 889 A.2d 563, 577 n.4 (Pa. Super. 2005).