J-A11010-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PROFESSIONALS REAL ESTATE PARTNERSHIP | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| HEISTER H. LINN, JR.<br><br>Appellant | : : : : | No. 1970 MDA 2019 |

Appeal from the Order Dated August 29, 2019
In the Court of Common Pleas of Lycoming County
Civil Division at No(s):  14-1392

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED JULY 10, 2020**

Pennsylvania law allows a creditor to obtain a lien on a debtor partner's financial, but not operational, interest in a partnership. To do this, the creditor asks a court to issue what is known as a charging order. If the charging order will not satisfy the debt in a reasonable time, the court is empowered to foreclose on that partner's financial interest and direct that it be sold.

Here, Appellant, Heister H. Linn, D.D.S., consented to the entry of a charging order burdening his partnership interest in Appellee and creditor, Professionals[1] Real Estate Partnership ("PREP"). At issue in this appeal is

---

[*] Former Justice specially assigned to the Superior Court.

[1] There is some dispute over the exact spelling of the name of the partnership. For the sake of consistency, we will follow the trial court's lead and utilize "Professionals."

whether the court erred in foreclosing on the charging order and directing Appellant's financial interest in PREP be sold. After careful review, we affirm.

Appellant and two other professionals formed PREP in 1982 to purchase a building that would house three offices. PREP subsequently bought two parcels that it then combined into a single address ("the Property"). After another partner joined in 1983, each partner was liable for the debts of PREP in proportion to the amount of office space used.

This situation continued amicably for nearly thirty years. In 2012, Appellant stopped paying his share of PREP's rent. Appellant claimed he stopped paying his share because he wanted an accounting of PREP. However, the trial court found this claim incredible, as there is no written evidence of Appellant's demand for an accounting until 2019.

Thereafter, with all partners considering retirement, the Property was listed for sale. An agent listed the Property for $725,000 in the spring of 2016. There was no interest, so the listing was removed.

The agent re-listed the Property for $950,000 in the summer of 2016. Once again, the Property received no interest, and the listing was removed.

The three other partners are all current on their obligations to PREP. In 2018, an arbitrator found Appellant liable to PREP for $111,728.35 in delinquent payments. Appellant did not timely appeal the award, and it was confirmed in the trial court on November 16, 2018.

PREP filed the petition underlying this appeal in early 2019. The petition sought a charging order, as well as a foreclosure and sale of Appellant's

financial interest in PREP. In March, the parties stipulated to the entry of the charging order; Appellant, however, contested the request for foreclosure and sale.

The court scheduled a hearing for May 13, 2019. In the meantime, Appellant sought an accounting from PREP. PREP objected, arguing that Appellant was attempting to re-litigate the arbitrator's award. In what it termed "an abundance of caution," the trial court directed PREP to provide Appellant an accounting and rescheduled the hearing for June 12, 2019.

On June 4, Appellant claimed he was unable to interpret the accounting and sought to depose the partner who had managed PREP for over 30 years. Over PREP's objection, the trial court granted Appellant the right to depose the managing partner. The court re-scheduled the hearing for August 1, 2019.

PREP presented evidence that, during the litigation, PREP's agent had located a potential buyer for the Property. None of the partners were enthusiastic about what would eventually become a $600,000 offer, but all except Appellant agreed to the sale. Appellant refused to sell the Property until he received an appraisal of the property's value.

Shortly thereafter, Appellant offered to purchase the Property for $601,000. However, this price was conditioned on, among other things, the abandonment of any claims PREP or the other partners had against Appellant or his professional corporation. Appellant's written offer concluded with a threat of legal action and a reminder that "it is one thing to get an arbitrator's

award, and another to collect the money."

After the hearing, the trial court concluded that foreclosure was appropriate and directed the sale of Appellant's financial interest in PREP. Appellant timely filed the instant appeal.

Before addressing the issues contained in Appellant's Brief, we must address the brief itself. Appellant's brief violates several of our Rules of Appellate Procedure. *See, e.g*., Pa.R.A.P. 2116(a) ("Each question [in the statement of questions involved] shall be followed by an answer stating simply whether the court or government unit agreed, disagreed, did not answer, or did not address the question."); Pa.R.A.P. 2117(b) ("The statement of the case shall not contain any argument."). Particularly egregious is the fact that Appellant's arguments were not divided into two separate sections and, other than a cursory citation to the statute giving the trial court the power to foreclose on a partnership interest, Appellant makes no additional citations to authorities nor does he reference the record in any way. *See* Pa.R.A.P. 2119 (a-c). Nonetheless, Appellant has done enough to allow us to review the issues he raises, and we decline to find waiver.

Both of Appellant's main arguments assert that the trial court incorrectly applied the Revised Uniform Partnership Act ("RUPA"). Review of a court's interpretation and application of a statute is a question of law. *See Commonwealth v. Corban. Corp.*, 909 A.2d 406, 410 (Pa. Super. 2006). Our review is plenary, and we must determine whether the court committed

an error of law. *See id.* To the extent Appellant's arguments are based upon the trial court's findings of fact and credibility determinations, our review is limited to determining whether the findings are supported by the record. *See G & G Investors, LLC v. Phillips Simmons Real Estate Holdings, LLC*, 183 A.3d 472, 478 (Pa. Super. 2018).

In his first argument, Appellant asserts the court erred in concluding that PREP had met its burden under RUPA to foreclose on his transferable partnership interest. Appellant contends the court improperly placed the burden of proof on him: instead of requiring PREP to prove the distributions would not pay off the debt in a reasonable time, he believes the court required him to prove that the distributions would pay off the debt in a reasonable time.

Under RUPA, PREP was entitled to foreclose on the charging order and sell Appellant's transferable interest if distributions under the charging order would not pay off the debt in a reasonable time. *See* 15 Pa.C.S.A. § 8454(c). A transferable interest is defined as a partner's right to receive distributions from the partnership. *See* 15 Pa.C.S.A. § 8412.

While we agree with Appellant that it was PREP's burden to establish its right to the remedy provided by section 8454(c), we cannot agree with Appellant's characterization of the record. PREP presented, without any significant objection from Appellant, evidence that showed that PREP had never paid distributions to partners. *See* N.T., 8/1/19, at 18 (identifying that there have been no distributions to the partners in the past thirty-five years).

The trial court's observation that Appellant "wholly failed" to establish that distributions could pay off the debt in reasonable time must be viewed against this factual background.

As there was essentially uncontroverted evidence that PREP had never given distributions to partners, the court did not err in placing the burden on Appellant to establish that PREP would or could give distributions in the future.

In a tenuously related argument, Appellant claims the allegedly unique circumstances of this case make foreclosure under section 8454(c) inappropriate. Appellant correctly highlights that a sale pursuant to foreclosure is likely to be less in value than partner's full interest in the partnership. He posits that this could lead to a slippery slope where a partnership could operate in bad faith to obstruct the sale of partnership property for the purpose of obtaining the debtor's transferable interest at a discount.

This argument is unavailing. First, Appellant does not contest that the clear language of the statute provides for this remedy. Second, even if we were to contemplate the possibility of an equitable exception for bad faith maneuvering by a partnership creditor, such a case is not present before us. By all accounts, it is PREP and the other partners who seek the sale of PREP on the open market, while Appellant is seeking to obstruct the sale. We cannot conclude that the court erred in foreclosing the charging order and directing the sale of Appellant's transferable interest.

In his final argument, Appellant contends the remaining partners have actively sought to obstruct payment of distributions capable of discharging his debt. As an example, he highlights the partners' unanimous rejection of an initial third-party offer of $550,000 for the Property. Appellant contends that if this offer had been accepted, PREP would have distributed sufficient funds to satisfy Appellant's debt to PREP.

While Appellant casts this rejection as some form of nefarious conspiracy against him, we note that Appellant himself rejected the same offer. Further, the remaining partners were willing to accept an offer of $600,000 shortly thereafter, which presumably also would have been sufficient to discharge Appellant's debt. Appellant is the sole reason this sale was not consummated.

After reviewing the record, we cannot conclude the trial court erred in foreclosing on the charging order and directing the sale of Appellant's transferable interest.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/10/2020