957 A.2d 274

COMMONWEALTH of Pennsylvania, Appellee

v.

CORBAN CORPORATION, d/b/a Encor Coatings, Inc., Appellant.

Commonwealth of Pennsylvania, Appellee

v.

William R. Condosta, Appellant.

Supreme Court of Pennsylvania.

Submitted March 18, 2008.

Decided Oct. 23, 2008.

Steve N. Goudsouzian, for Corban Corp., d/b/a Encor Coatings, Inc.

Roy A. Manwaring, Bethlehem, John Michael Morganelli, for the Com. of PA.

Douglas J. Tkacik, Sara Jane Hogan, Law Offices of Douglas J. Tkacik, Bethlehem, for William R. Condosta.

Thomas Joseph Kuzma, Harrisburg, Eric G. Preputnick, for Dept. of Labor and Industry, Bureau of Worker's Compensation, appellee amicus curiae.

Jennifer Ann Buck, PA Office of Atty. Gen., for Attorney General's Office, appellee amicus curiae.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY and GREENSPAN, JJ.

## OPINION

Justice EAKIN.

Elmer Kennedy worked for Corban Corporation as a forklift operator. In December, 2000, he sustained work-related burns to his back. He sought workers' compensation benefits for the injuries; however, Corban Corporation's workers' compensation insurance carrier denied the claim due to a lack of insurance coverage.

As a result, on September 21, 2004, the Commonwealth filed a criminal complaint asserting six counts of third degree felony charges against Corban Corporation and William Condosta, a corporate officer of the company (collectively appellants), for failure to maintain workers' compensation insurance pursuant to § 305 of the Workers' Compensation Act (Act).[1] The Commonwealth alleged appellants failed to maintain insurance coverage during the following periods: November 1 through November 30, 2000; December 1 through December 22, 2000; June 18 through June 30, 2002; July 1 through July 31, 2002; August 1 through August 31, 2002; and September 1 through September 9, 2002.[2]

Appellants filed separate omnibus pretrial motions, objecting to the criminal complaint's timeliness. They argued the

1. Act of June 2, 1915, P.L. 736, *added by*, the Act of June 24, 1996, P.L. 350, *as amended* 77 P.S. § 501. Section 501 provides, in relevant part:

   (a)(1) Every employer liable under this act to pay compensation shall insure the payment of compensation in the State Workmen's Insurance Fund, or in any insurance company, or mutual association or company, authorized to insure such liability in this Commonwealth. . . .

   * * *

   (b) Any employer who fails to comply with the provisions of this section for every such failure, shall, upon conviction in the court of common pleas, be guilty of a misdemeanor of the third degree. If the failure to comply with this section is found by the court to be intentional, the employer shall be guilty of a felony of the third degree.

   *Id.*

2. The criminal complaint also averred Encor Coatings, Inc., did not maintain workers' compensation insurance coverage from June 1 through July 17, 2003. The Commonwealth ultimately withdrew this count.

violations occurred more than two years before the Commonwealth filed charges, and that the applicable statute of limitations was the default provisions of the Judicial Code, 42 Pa.C.S. § 5552. If true, the entire complaint failed as untimely. Holding § 5552 applied, the trial court granted appellants' motions and dismissed the complaint. The Commonwealth appealed.

The Superior Court reversed, holding the five-year statute of limitations under § 1112 of the Act, 77 P.S. § 1039.12, controls. *Commonwealth v. Corban Corporation*, 909 A.2d 406, 413 (Pa.Super.2006). The Court relied on § 1039.12's plain language, which states, "[a] prosecution for an offense under this act must be commenced within five years after commission of the offense." *Id.*, at 412; 77 P.S. § 1039.12. The court held the General Assembly expressly intended § 1039.12 to apply to all offenses prosecuted under the Act. *Id.* Moreover, the court noted application of the default two-year period would be at odds with a provision of the Act permitting claim petitions to be filed within three years. *Id.*, at 412–13.

We granted allowance of appeal to determine whether the statute of limitations provided in 77 P.S. § 1039.12 or the default statute of limitations provided in 42 Pa.C.S. § 5552 applies to prosecutions for an employer's failure to maintain workers' compensation insurance pursuant to 77 P.S. § 501. Since statutory interpretation is a question of law, our standard of review is *de novo*, and our scope of review is plenary. *In re Milton Hershey School*, 590 Pa. 35, 911 A.2d 1258, 1261 (2006).

Appellants assert there is no provision in the Act setting forth a specific statute of limitations for failing to provide workers' compensation insurance; in the absence of a specific provision, the default limitations period of § 5552 applies. Appellants maintain the five-year limitations in § 1039.12 applies only to prosecutions for workers' compensation insurance fraud offenses under Article XI of the Act, 77 P.S. §§ 1039.1–1039.12. The Commonwealth contends the five-year limita-

tions period applies to all prosecutions under the Act. The Commonwealth recognizes § 1039.12 is contained within a portion of the Act regarding insurance fraud, but notes this is the only provision of the Act which sets forth a statute of limitations for a criminal action. The Commonwealth, as did the Superior Court, relies on § 1039.12's plain language to conclude it applies to all offenses under the Act.[3]

■ "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). "Words and phrases shall be construed according to rules of grammar and according to their common and approved usage...." *Id.*, § 1903(a). "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." *Id.*, § 1921(a). "When the words of a statute are clear and free from all ambiguity, they are presumed to be the best indication of legislative intent." *Chanceford Aviation Properties, L.L.P. v. Chanceford Township Board of Supervisors*, 592 Pa. 100, 923 A.2d 1099, 1104 (2007) (quoting *Hannaberry HVAC v. Workers' Compensation Appeal Board (Snyder Jr.)*, 575 Pa.66, 834 A.2d 524, 531 (2003)) (internal citation omitted).

■ The Statutory Construction Act provides that headings prefixed to titles, parts, articles, chapters, sections, and other divisions of a statute shall not be considered to control the manner in which the statute is to be interpreted. 1 Pa.C.S. § 1924. It is the statutory language itself that must be considered; not simply the location of the statute within the Act as a whole. *See id.*; *see also O'Rourke v. Commonwealth, Department of Corrections*, 566 Pa. 161, 778 A.2d 1194, 1201 (2001) (legislative intent can only be derived by reading all sections of statute together and in conjunction with each other

3. The Pennsylvania Attorney General's Office filed an *amicus curiae* brief, wherein it argues § 1039.12's plain language reveals a legislative intent that it apply to all prosecutions under the Act. Alternatively, it asserts the statute of limitations under § 1039.12 is specific, which always prevails over a general limitations provision such as § 5552. *See* 1 Pa.C.S. § 1933.

and construed with reference to entire statute); *Housing Authority of the County of Chester v. Pennsylvania State Civil Service Commission,* 556 Pa. 621, 730 A.2d 935, 945 (1999) (same).

Here, the Act's language is free from ambiguity. Section 1039.12 specifies "[a] prosecution for an offense *under this act* must be commenced within five years after commission of the offense." 77 P.S. § 1039.12 (emphasis added). A plain reading of this section reveals the General Assembly intended its limitations period to apply to prosecutions under "this act," which thus includes § 501 offenses.

A review of the language within Article XI of the Act reveals the General Assembly took great care in choosing among the words "clause," "section," "article," and "act." *Cf.* 77 P.S. § 1039.3(a) ("Upon a conviction for an offense *under this clause,* the prosecutor shall certify the conviction to the disciplinary board of the Supreme Court for appropriate action") (emphasis added); *id.,* § 1039.9(a) ("The district attorneys of the several counties shall have authority to investigate and to institute criminal proceedings for any violation of *this article.*") (emphasis added); *id.,* § 1039.11(b) ("If a prosecuting authority has probable cause to believe that a person has violated *this section,* nothing in *this clause* shall be construed to prohibit the prosecuting authority and the person from entering into a written agreement in which that person does not admit or deny the charges but consents to payment of the civil penalty.") (emphasis added). In contrast, § 1039.12 does not use the term "article," "section," or "clause," but provides, "A prosecution for an offense *under this act* must be commenced within five years after commission of the offense." *Id.,* § 1039.12 (emphasis added). By choosing the word "act," the General Assembly expressed its intent for the five-year limitations period to apply to § 501 prosecutions.

■ We agree with the Superior Court's apt observation that application of the two-year limitations period would be at odds with the Act's three-year limitations period regarding the filing of claim petitions. Section 315 of the Act, 77 P.S. § 602,

covers the filing requirements for benefits, and permits an injured employee three years to file a claim petition, and typically it is upon filing of a claim petition that the agency which administers the claims process becomes aware of an employer's failure to carry insurance. If the offense is not normally discoverable for up to three years, it makes little sense to apply a statute that has already run by the time the crime is uncovered. Application of the five-year limitations period furthers the Act's intended purpose, which is to provide payment to the injured worker commensurate with the damage from accidental work-related injury, as a fair exchange for the surrender of every other right of action against the employer. *See City of Erie v. Workers' Compensation Appeal Board (Annunziata)*, 575 Pa. 594, 838 A.2d 598, 602 (2003). Application of the two-year limitations period, however, would unjustly impair the Commonwealth's ability to prosecute offenses, effectively enabling employers to evade the Act's requirements without consequence.

We find the five-year statute of limitations applies to prosecutions for an employer's failure to maintain workers' compensation insurance pursuant to 77 P.S. § 501. Accordingly, we affirm the Superior Court's order. This matter is hereby remanded to the trial court for further proceedings.

Jurisdiction relinquished.

Chief Justice CASTILLE, Justice SAYLOR and Justice GREENSPAN join the opinion.

Justice BAER files a concurring opinion in which Justice TODD and Justice McCAFFERY join.

Justice BAER concurring.

I fully concur with the Majority's conclusion that the five-year statute of limitations, set forth in § 1112 of the Workers' Compensation Act (WCA), 77 P.S. § 1039.12, applies to prosecutions for an employer's failure to maintain workers' compensation insurance pursuant to 77 P.S. § 501(b)(3). I write separately, however, because, rather than finding the language of the statute of limitations set forth below to be plain, as does the Majority, I conclude that this Court should look to the

rules of statutory construction to determine if the term "this act" applies to the WCA in *toto,* or only to insurance fraud prosecutions brought under Article XI of the WCA.

The WCA was first passed in 1915, and has since been amended many times, including an amendment in 1993, *inter alia* adding Article XI relating to insurance fraud, and an omnibus amendment in 1996, modifying multiple sections of the WCA, including, but not limited to, Article XI. *See* Act of July 2, 1993, P.L. 190, No. 44; Act of June 24, 1996, P.L. 350, No. 57 (hereinafter "Act 57"). It is uncontested, however, that until Act 57, the WCA never contained a statute of limitations. *See* Act of June 24, 1996, P.L. 350, No. 57, § 27, as amended, 77 P.S. § 1039.12.

Appellants Corban Corporation and William Condosta's argument that the Act 57 five-year statute of limitations does not apply to this case centers upon the meaning of the term "this act" as used in the statute:

A prosecution for an offense under *this act* must be commenced within five years after commission of the offense.

77 P.S. § 1039.12 (emphasis added). If this term applies to all of the WCA, then the five-year statute of limitations added by Act 57 controls any criminal prosecution thereunder, including the one at issue here, alleging failure to maintain workers' compensation insurance. Conversely, if the term "this act" applies to Act 57 only, the crime in this case would not be governed by this five-year statute of limitations, because an employer's failure to pay compensation insurance is not a crime of insurance fraud under Article XI, which was amended by Act 57. Instead, this case would be controlled by the Commonwealth's default two-year limitations period set forth in the Judicial Code, 42 Pa.C.S. § 5552(a).

Noting that the term "this act" is not defined in the WCA or anywhere else in Pennsylvania statutory law, Appellants look to the legislative context of the WCA arguing that the term "this act" in the provision was intended to establish a five-year limitations period only for insurance fraud, and was not intended to be applicable to the entirety of the WCA. They extract meaning from the General Assembly's numbering of

the statute of limitations as § 1112 in Article XI, which relates exclusively to insurance fraud. They additionally assert that "this act" refers to "Act 57," which included revisions to Article XI's insurance fraud provisions.[1] It is noteworthy that Appellants' interpretation would provide for a statute of limitations for insurance fraud that would be commensurate with the five-year limitations period for criminal insurance fraud prosecutions brought outside of the WCA.[2]

Moreover, Appellants observe that if the General Assembly intended the five-year provision to govern the entirety of the WCA, it could have placed the five-year limitations period in Article V of the WCA, entitled "General Provisions" rather than in Article XI, relating to "Insurance Fraud." Appellants further assert that if the General Assembly intended the five-year limitations period to apply to the entire WCA, and not just Article XI, it could have used the term "prosecutions under the Workers' Compensation Act," not "prosecutions under *this* act." 77 P.S. § 1039.12 (emphasis added); *see also* 77 P.S. § 1 ("[T]his act shall be called and cited the Workers' Compensation Act"). Accordingly, Appellants assert that the limitations period relates solely to insurance fraud cases, and not to the crime for which they are charged. Assuming *arguendo* the correctness of this argument, Appellants assert that the limitations period on the criminal activity alleged against them is the default two-year limitations period, outlined in Title 42:

> (a) GENERAL RULE—Except as otherwise provided in this subchapter, a prosecution for an offense must be commenced within two years after it is committed.

42 Pa.C.S. § 5552.

The trial court agreed with Appellants that the two-year limitations period was applicable in the instant case based on

---

1. As discussed *infra*, the flaw in Appellant's argument is that Act 57 and Article XI are not identical. Accordingly, despite Appellant's argument, a reference to Act 57 does not necessarily implicate only insurance fraud provisions.

2. Although it is equally noteworthy that this Court's interpretation yields a like result by applying the five-year limitations period to all criminal actions brought under the WCA, including insurance fraud.

an analysis of the interplay between the Crimes Code, the Judicial Code, and other statutes outlining criminal offenses. The trial court concluded that the function of Part I of the Crimes Code is to establish norms to govern criminal proceedings. The court observed that the Crimes Code referenced the Judicial Code's default two-year limitations period, which applies to all offenses defined by any statute. *See* 18 Pa.C.S. § 107(a) ("General rule.—The provisions of Part I of this title (relating to preliminary provisions) are applicable to offenses defined by this title or by any other statute."); 18 Pa.C.S. § 108(a) ("General rule.—Except as set forth in subsection (b) [referring to offenses against unborn children], a prosecution for any offense under this title must be commenced within the period, if any, limited by Chapter 55 of Title 42 (relating to limitation of time)."). Appellants therefore argue that the trial judge was correct that, given the inapplicability of the five-year provision, the two-year default provision referenced in the Crimes Code controlled.

While the Majority concludes that § 1112 is explicit and that "this act" plainly means the WCA, I respectfully conclude that § 1112 is unclear on its face, but I nonetheless reject Appellants' argument after application of the Rules of Statutory Construction. "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). Only when the words used by the legislature in enacting a statute are not explicit does a court turn to other factors to ascertain the legislature's intent, including legislative history. 1 Pa.C.S. § 1921(c). Moreover, pursuant to 1 Pa.C.S. § 1953, "[w]henever a section or part of a statute is amended, the amendment shall be construed as merging into the original statute ... and the remainder of the statute and the amendment shall be read together and viewed as one statute passed at one time."

Although the meaning of the term "this act" is disputable as it appears in the statute, its meaning is clear from the legislation actually passed by the General Assembly. Enacted to amend the existing WCA, Act 57 provides in relevant part:

Section 27. The act is amended by adding a section to read:

Section 1112. A prosecution for an offense under this act must be commenced within five years after the commission of the offense.

Act of June 24, 1996 P.L. 350, § 27. Utilizing Appellants' interpretation would require us to hold that the legislature used the term "act" in the introductory language of § 27 to refer to the WCA and then employed the same term in § 1112 to refer to Act 57. It strains common sense, however, to contend that the legislature, in an attempt to restrict the statute of limitations to insurance fraud offenses in Article XI, used the term "this act" to mean Act 57, when, in fact, Act 57 was an omnibus act amending many parts of the WCA.[3] As noted above, Act 57 is not identical to Article XI, indeed both contain provisions not included in the other.

Moreover, as well demonstrated by the Majority, a review of other Article XI provisions amended by Act 57 reveals that the General Assembly was capable of limiting the reach of its provisions to Article XI or even specific clauses or sections when it desired. So, it employed the term "this section" to

**3.** We note that the title of Act 57 indicates the legislature's intended purpose to amend the WCA by

further providing for definitions, for recovery, for liability for compensation, for financial responsibility, for compensation schedules and for wages; providing for reporting; further providing for notices, for examinations, for commutation of compensation, for exclusions, for the Workmen's Compensation Appeal Board and for procedure; providing for informal conferences; further providing for processing claims, for commutation petitions, for modifications and reversals, for pleadings, for investigations, for evidence, for appeals, for regulations, for costs and attorney fees, for the Pennsylvania Workers' Compensation advisory council and for insurance policies; providing for settlements and for collective bargaining; further providing for ratings organizations, for rating procedures and for shared liability; providing for employer association groups; further providing for safety committees, for penalties, for prosecutions and for collection of penalties; providing for limitation of actions; further providing for assessments; providing for Workers' Compensation judges and for transfer of administrative functions; transferring provisions relating to the state Workmen's Insurance Fund and broadening its permissible coverages; and making a repeal.

Act 57.

apply to the relevant statutory section, "this article" to apply to Article XI, and "this act" to apply to Workers' Compensation Act. *See* Maj. Op. at 464, 957 A.2d at 277. Thus, the best interpretation of the language used herein is that the word "act" in both § 27's introductory phrase and in § 1112 refers not to a chapter or section of the WCA, but to the "act" itself.[4]

Accordingly, based on all of the rationale of the majority opinion as well as the statutory construction analysis herein, I concur and conclude that the five-year limitations period applies to the prosecutions for failure to provide workers' compensation insurance pursuant to 77 P.S. §· 501(b)(3).

Justice TODD and Justice McCAFFERY join.

<hr>

4. I, likewise, agree with the Majority's conclusion that we must consider that the General Assembly does not intend a result that is absurd or unreasonable. 1 Pa.C.S. § 1922(1). A two-year limitations period for initiating a criminal prosecution for failure to provide workers' compensation insurance would seriously impair the Commonwealth's ability to prosecute such offenses because the limitations period could run prior to the expiration of the period for filing a worker's compensation claim.