COMMONWEALTH of Pennsylvania, Appellee

v.

**Paul Leonard STEIN, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 12, 2012.

Filed Feb. 7, 2012.

Timothy P. Wile, Norristown, for appellant.

Risa V. Ferman, Assistant District Attorney, Robert M. Falin, Assistant District Attorney, John E.D. Larkin, Assistant District Attorney, Norristown, for Commonwealth, appellee.

BEFORE: STEVENS, P.J., BENDER and DONOHUE, JJ.

OPINION BY DONOHUE, J.:

Paul Leonard Stein ("Stein") appeals from the judgment of sentence entered on May 24, 2011 by the Court of Common Pleas, Montgomery County. We affirm.

The facts of this case are not in dispute, and were aptly summarized by the trial court as follows:

On January 28, 2011, Stein pled guilty to one count of delivery of marijuana and one count of possession with the intent to deliver marijuana.[FN1] At the guilty plea hearing, during which Stein was unequivocally advised of the five-year mandatory minimum sentence, Stein specifically admitted that: (a) on September 8, 2010 he delivered approximately one pound of marijuana to an undercover police officer within 100 feet of Cheltenham High School; (b) upon his arrest, police seized a Smith and Wesson .9mm revolver and $1,500 in marked currency from his person; and (c) on the same date, police executing a search warrant at Stein's residence found additional marijuana, firearms and a bulletproof vest.

Based on these facts, Stein entered into an open guilty plea to two counts of possession with the intent to deliver marijuana, in exchange for the Commonwealth's promise to: (a) *nol prosse* the

remaining charges; (b) not seek the school zone sentencing enhancement; and (c) not seek to have the Court sentence Stein to consecutive sentences. It was made clear to Stein, however, that the Commonwealth would seek a mandatory minimum five-year sentence on the delivery count, based on the fact that he was carrying a gun at the time of the offense.

The Commonwealth timely filed its Notice of Intent to Seek Mandatory Sentence, again advising Stein of its intent to seek the mandatory minimum term of five years for certain drug offenses committed with firearms, pursuant to 42 Pa. C.S. § 9712.1. At sentencing on May 24, 2011, the [c]ourt determined that on September 8, 2010, Stein was in possession of a Smith & Wesson .9 mm [sic] revolver when he engaged in a controlled sale of marijuana to undercover officers. Accordingly, the undersigned recognized that the aforementioned mandatory minimum was applicable and sentenced Stein to a flat five year term,[1] in accordance with the parties' agreement.

-----

[FN]1 35 P.S. § 780–113(a)(30).

Trial Court Opinion, 9/28/11, at 1–2 (record citations omitted).

Stein did not file post-sentence motions. He filed a timely notice of appeal on June 17, 2011, and he complied with the trial court's order for a concise statement pursuant to Pa.R.A.P.1925(b). He raises the following issues for our review:

 ■ Is the mandatory sentence set forth in 42 Pa.C.S. § 9712.1 applicable to situations where a defendant, who is convicted of violating 35 P.S. § 780–113(a)(30), is licensed to carry a firearm and the firearm is not used nor involved with the defendant's underlying drug offense?

 ■ Is 42 Pa.C.S. § 9712.1 unconstitutionally overbroad where it is applied to persons who legally possess a firearm that is not involved with the commission of a drug offense and thereby punishes constitutionally-protected conduct?

Stein's Brief at 4.

 ■ As his first issue on appeal, Stein questions the applicability of the mandatory sentence set forth in section 9712.1 to his case. "A challenge to the application of a mandatory minimum sentence is a challenge to the legality of the sentence. Our review of an illegal sentence is plenary and if no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." *Commonwealth v. Carpio–Santiago*, 14 A.3d 903, 905 (Pa.Super.2011). As long as the Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived.[2] *Commonwealth v. Stokes*, 38 A.3d 846, 857–58 (Pa.Super.2011).

Stein asserts that the fact that he legally possessed the firearm in question at the time of his arrest on drug trafficking

-----

1. The usual practice in this Commonwealth is that the minimum sentence cannot exceed one-half of the maximum sentence, and a flat sentence is an illegal sentence. 42 Pa.C.S.A. § 9756(b); *see Commonwealth v. Cain*, 432 Pa.Super. 47, 637 A.2d 656, 658–59 (1994). Marijuana, however, is a Schedule I drug, but not a narcotic drug, and thus the maximum sentence permitted for Stein's conviction for 35 P.S. § 780–113(a)(30) was five years of imprisonment. *Commonwealth v. Kleinicke*, 895 A.2d 562, 566 (Pa.Super.2006); *see* 35

P.S. § 780–113(f)(2). As the mandatory minimum sentence was also five years pursuant to the applicability of 42 Pa.C.S.A. § 9712.1, Stein's minimum sentence converged with his maximum sentence, requiring the imposition of a flat five-year sentence. *Kleinicke*, 895 A.2d at 566.

2. It is therefore of no moment that Stein did not first raise this issue before the trial court.

charges removes him from the ambit of section 9712.1 Stein's Brief at 15. Citing principles of statutory construction, he argues that because he did not use the firearm in any respect when committing the underlying crime of drug delivery, the offense was not "committed with" a firearm, as the title of section 9712.1 requires. *Id.* at 17–21.

The trial court found that because Stein was convicted of violating subsection (a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act and he was in physical possession of a firearm at the time he committed the offense, it was without discretion to sentence Stein to anything other than the mandatory minimum of five years of imprisonment required by section 9712.1. Trial Court Opinion, 9/28/11, at 6. The trial court states that because the statute does not distinguish between licensed and unlicensed firearms, and expressly states that the mandatory sentence applies whether the firearm is visible or concealed during the commission of the crime, Stein's arguments are meritless. *Id.* at 7–8.

Section 9712.1 states, in relevant part:

**§ 9712.1. Sentences for certain drug offenses committed with firearms**

(a) **Mandatory sentence.**—Any person who is convicted of a violation of section 13(a)(30) of [ . . . ] The Controlled Substance, Drug, Device and Cosmetic Act, when at the time of the offense the person or the person's accomplice is **in physical possession or control of a firearm, whether visible, concealed about the person or the person's accomplice or within the actor's or accomplice's reach or in close proximity to the controlled substance,** shall likewise be sentenced to a minimum sentence of at least five years of total confinement.

\* \* \*

(d) **Authority of court in sentencing.**—There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (a) or to place such offender on probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.

42 Pa.C.S.A. § 9712.1(a), (d) (emphasis added) (footnote omitted). A "firearm" is defined as "[a]ny **weapon,** including a starter gun, which will or is designed to or may readily be converted to expel a projectile by the action of an explosive or the expansion of gas therein." 42 Pa.C.S.A. §§ 9712.1(f), 9712(e) (emphasis added).

"The basic tenet of statutory construction requires a court to construe words of the statute according to their plain meaning." *Commonwealth v. Corban Corp.*, 909 A.2d 406, 411 (Pa.Super.2006), *aff'd,* 598 Pa. 459, 957 A.2d 274 (2008). "Words and phrases shall be construed according to rules of grammar and according to their common and approved usage[.]" 1 Pa. C.S.A. § 1903. "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b).

■ The statute in question is clear and unambiguous. It requires that a minimum sentence of five years of imprisonment be applied if (1) the defendant is convicted of 35 P.S. 780–113(a)(30) and (2) either the defendant or his accomplice was in possession or control of a firearm, the firearm was within the defendant's or his accomplice's reach, or a firearm was in close

proximity to the drugs in question. As indicated above, a firearm is "any weapon," not only an illegally possessed weapon. It does not matter if the individual possesses a license to carry the firearm—the possession of a firearm without a license is a separate offense and is separately punishable under the law. *See* 18 Pa. C.S.A. § 6106(a).

Furthermore, the statute expressly does not require that the firearm actually be used in the commission of the drug offense. It need only be on the defendant's or his accomplice's person or in the defendant's or his accomplice's control, within the defendant's or his accomplice's reach, or in close proximity to the drugs. *See* 42 Pa.C.S.A. § 9712.1(a). Stein argues that the title of the statute "must be considered when construing the statute," and the title of section 9712.1 requiring that the drug offense be committed "with firearms" means there must be "some sort of nexus established between the drug trafficking activity and the firearm found." Stein's Brief at 20. First, although section 1924 permits consideration of the title of the statute when construing the meaning of a statute, it is by no means required. *See* 1 Pa.C.S.A. § 1924.[3] As we have previously stated: "[T]he title is always a part of a statute or ordinance and, as such, may be considered in construing the enactment, but it is in no sense conclusive, particularly when there is no ambiguity in the body of the statute or ordinance itself." *Common-*

*wealth v. Campbell,* 758 A.2d 1231, 1237 (Pa.Super.2000).

Moreover, we disagree with Stein's interpretation of the title of section 9712.1. The phrase "with firearms" in the title of the statute does not necessarily mean that the firearms were used in the commission of the offense. Rather, we interpret it to mean that the drug offense was committed with a firearm present—an interpretation that is fully supported by the plain language of the statute itself, as it merely requires that there be a firearm on or near a person involved in the commission of the crime or in close proximity to the drugs in question.[4] *See Commonwealth v. Sanes,* 955 A.2d 369, 377 (Pa.Super.2008) (concluding that a defendant was subject to the mandatory minimum sentence in section 9712.1 where the gun was located inside a closet on a shelf in the defendant's bedroom located six to eight feet from dresser that contained a bag of cocaine), *appeal denied,* 601 Pa. 696, 972 A.2d 521 (2009); *Commonwealth v. McKibben,* 977 A.2d 1188, 1195 (Pa.Super.2009) (finding no merit to the defendant's argument that because the informant did not see the firearms, the informant was only in the apartment for a brief period of time, and the firearms were secured in the back bedroom of the apartment, the mandatory sentencing provision of section 9712.1 does not apply).

Stein acknowledges that he was convicted of 35 P.S. § 780–113(a)(30) and that he

---

**3.** "The title and preamble of a statute **may be** considered in the construction thereof. Provisos shall be construed to limit rather than to extend the operation of the clauses to which they refer. Exceptions expressed in a statute shall be construed to exclude all others. The headings prefixed to titles, parts, articles, chapters, sections and other divisions of a statute shall not be considered to control but may be used to aid in the construction thereof." 1 Pa.C.S.A. § 1924 (emphasis added).

**4.** The record reflects that at the sentencing hearing, the Commonwealth stated that Stein indicated to police that he brought the gun and hollow point bullets to the drug transaction because he thought he might get "ripped off" and wanted to avoid a bad situation. N.T., 5/24/11, at 9. Thus, even if a "nexus" between the firearm and the drug transaction was required for section 9712.1(a) to apply, the nexus would be established and Stein would not be entitled to relief on this basis.

was in possession of a firearm at the time he committed the offense. As such, the trial court properly sentenced Stein to the mandatory minimum sentence of five years of imprisonment pursuant to 42 Pa.C.S.A. § 9712.1.

In the alternative, Stein argues that section 9712.1 is unconstitutional because (1) it "creates an irrebuttable presumption" that a firearm found in the defendant's possession is connected to the drug offense in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, sections 1 and 11 of the Pennsylvania Constitution, and (2) it violates his right to bear arms guaranteed by the Second Amendment to the United States Constitution and Article I, section 21 of the Pennsylvania Constitution. Stein's Brief at 21–34. Prior to addressing the merits of these issues, however, we must first determine whether they are properly before us for review. This hinges on whether the issues raised implicate the legality of Stein's sentence or discretionary aspects of his sentence.

 As stated above, issues challenging the legality of a sentence are not waivable and are subject to review by the Court as long as it has jurisdiction. *Stokes*, 38 A.3d at 857–58. Unlike questions of the legality of a defendant's sentence, issues pertaining to discretionary aspects of sentencing are only reviewed at the discretion of this Court if the following four-part test is met: (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal

pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review. *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa.Super.2011). The failure to raise a challenge to the discretionary aspects of sentencing before the trial court results in waiver of that issue on appeal. *Commonwealth v. Cain*, 906 A.2d 1242, 1245 (Pa.Super.2006), *appeal denied*, 591 Pa. 670, 916 A.2d 1101 (2007); Pa.R.A.P. 302(a).

We have previously explained the difference between an issue implicating the legality of a sentence and the discretionary aspects of a sentence:

> [T]he term 'illegal sentence' is a term of art that our Courts apply narrowly, to a relatively small class of cases. This class of cases includes: (1) claims that the sentence fell outside of the legal parameters prescribed by the applicable statute; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in *Apprendi v. New Jersey*, 530 U.S. 466 [120 S.Ct. 2348, 147 L.Ed.2d 435] (2000).[5] These claims implicate the fundamental legal authority of the court to impose the sentence that it did.
>
> Most other challenges to a sentence implicate the discretionary aspects of the sentence. This is true even though the claim may involve a legal question, a patently obvious mathematical error, **or an issue of constitutional dimension.** Moreover, the mere fact that a rule or statute may govern or limit the trial court's exercise of discretion in sentencing does not necessarily convert the claim into one involving the legality of the sentence.

---

**5.** In *Apprendi,* the United States Supreme Court held that facts other than a prior conviction that expose a defendant to a sentence in excess of the relevant statutory maximum must be found by a jury beyond a reasonable doubt. *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348.

*Commonwealth v. Robinson,* 931 A.2d 15, 21 (Pa.Super.2007) (*en banc*) (emphasis added) (internal citations omitted); *see also Commonwealth v. Williams,* 787 A.2d 1085, 1087 (Pa.Super.2001) ("[A] claim that a court relied on an unconstitutional statute when it sentenced a defendant is a challenge to the discretionary aspects of sentencing."), *appeal denied,* 569 Pa. 693, 803 A.2d 735 (2002).

The holding and discussion in *Robinson* are consistent with existing Supreme Court precedent on the issue. *See, e.g., Commonwealth v. Miller,* 541 Pa. 531, 562, 664 A.2d 1310, 1325 (1995) ("As long as the sentence is within the statutory limit, it is legal."), *abrogated on other grounds by Commonwealth v. Freeman,* 573 Pa. 532, 560, 827 A.2d 385, 402 (2003); *Commonwealth v. Piper,* 458 Pa. 307, 309, 328 A.2d 845, 847 (1974) (finding waiver of an equal protection claim regarding the appellant's sentence because she failed to raise it before the trial court). Indeed, the Supreme Court has long recognized that issues of constitutional dimensions are subject to waiver on appeal. *See, e.g., Commonwealth v. Briggs,* 608 Pa. 430, 516, 12 A.3d 291, 343 (2011), *cert. denied* —— U.S. ——, 132 S.Ct. 267, 181 L.Ed.2d 157 (2011) (finding waiver of constitutional arguments based upon appellant's failure to present a properly developed argument); *Commonwealth v. Laird,* 605 Pa. 137 n. 27, 180, 988 A.2d 618, 643 n. 27 (2010), *cert. denied,* —— U.S. ——, 131 S.Ct. 659, 178 L.Ed.2d 492 (2010) (finding waiver of constitutional claims because appellant did not raise them in his Pa.R.A.P. 1925(b) statement); *Commonwealth v. Romberger,* 474 Pa. 190, 197, 378 A.2d 283, 286 (1977) (stating that the doctrine of waiver applies to issues of constitutional dimensions).

■ Based upon existing precedent from both this Court and our Supreme Court, we therefore conclude that a consti-

tutional challenge to a sentence that does not fall into one of the three categories summarized by the *Robinson* Court implicates discretionary aspects of a sentence, not the legality of a sentence, and is therefore subject to waiver.

■ The record in the case *sub judice* reflects that Stein failed to raise before the trial court either of his constitutional arguments regarding the applicability of the mandatory sentencing provision found in section 9712.1 to his case. The record further reflects that he failed to raise his due process argument in his Pa.R.A.P. 1925(b) statement. As such, we find these issues waived for purposes of appeal. *See Cain,* 906 A.2d at 1245; *Dunphy,* 20 A.3d at 1220; Pa.R.A.P. 302(a); Pa.R.A.P. 1925(b)(4)(vii).

Judgment of sentence affirmed.

