J-S63045-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BRANDY L. VEGA-REYES, | |
| Appellee | No. 730 MDA 2014 |

Appeal from the Order Entered April 2, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0003272-2013

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.*

DISSENTING MEMORANDUM BY BOWES, J.:      **FILED JANUARY 22, 2015**

As I disagree with the learned majority's analysis on both issues, I respectfully dissent.  Initially, the majority concludes that the legislature's passage of 42 Pa.C.S. § 5552(b)(4), after 62 P.S. § 481(d), does not manifest a clear intent to override the latter provision.  Section 5552(b)(4) reads in pertinent part:

> A prosecution for any of the following offenses must be commenced within five years after it is committed:
>
> . . . .
>
> (4) Under the act of June 13, 1967 (P.L. 31, No. 21), known as the Public Welfare Code.

42 Pa.C.S. § 5552(b)(4).

*Retired Senior Judge assigned to the Superior Court.

I fail to discern how the legislature could have manifested a clearer intent that prosecutions under the Public Welfare Code, a category into which the crime in question falls, is to be governed by a five-year statute of limitations.[1]  Further, Appellee's argument that a specific provision always prevails over a general limitation is simply erroneous.  A general provision that is enacted later, as occurred here, prevails where it is the manifest intent of the legislature. 1 Pa.C.S. § 1933.

In the instant case, prior to 1982, offenses under the Public Welfare Code, except the crime in question, were subject to a two-year statute of limitations time-frame.  The crime at issue, however, had a lengthier four-year limitations period.  In 1982, the legislature enlarged the statute of limitations period for all offenses under the Public Welfare Code to five years.

The clearest manner in which we discern legislative intent is by the language of the statute.  ***Commonwealth v. Corban Corporation***, 957 A.2d 274 (Pa.Super. 2008).  The language of the statute clearly and unambiguously states that a five-year statute of limitations applies to offenses under the Public Welfare Code.  As the plain language of the statute expresses the General Assembly's intent, the five-year limitation period

---

[1]  The question of whether a five-year limitations period controls or the four-year statute of limitations set forth at 62 P.S. § 481(d) appears to be an issue of first impression.

controls.[2] *Id*. at 276 ("When the words of a statute are clear and free from all ambiguity, they are presumed to be the best indication of legislative intent.").

In addition to my disagreement with the majority's legal conclusion as to the Commonwealth's first issue, I believe it is factually mistaken in finding that the trial court deferred ruling on whether Appellee's actions prior to March 27, 2009 were to be excluded as evidence. While the majority correctly notes that the court indicated at an April 17, 2014 hearing that it was unsure that it could make such a ruling, the actual order in question is clear. The order states, "Since the criminal complaint was filed on March 27, 2013, all alleged violations that occurred before March 27, 2009, cannot be considered as evidence against the Defendant." Supplemental Order, 4/2/14, at 2. This order was broader than concluding that charges cannot be filed relative to incidents before March 27, 2009. Rather, the order unequivocally stated that these events "cannot be considered as

---

[2] I add that the crime in question has fraud as a material element. In such cases, the statute of limitations may be extended. Pursuant to 42 Pa.C.S. 5552(c), where fraud is a material element, the charges may be brought "within one year after discovery of the offense by an aggrieved party or by a person who has a legal duty to represent an aggrieved party and who is himself not a party to the offense, but in no case shall this paragraph extend the period of limitation otherwise applicable by more than three years." Here, the aggrieved party, through its agent, filed a private criminal complaint on March 27, 2013. The record on appeal is unclear as to when Appellee's conduct was discovered.

evidence[.]" ***Id***. As the prior acts could show intent, lack of mistake, or perhaps even a motive or *modus operandi*, such evidence is admissible if its probative value outweighs its prejudicial nature. ***See e.g.***, Pa.R.E. 404(b).

Here, such evidence would be highly probative. Since a plain reading of the trial court's order indicates that the trial court was precluding evidence of the prior bad acts, we should reach the issue. Moreover, as the trial court's ruling is, in my view, an error of law, I would reverse the order on that issue.

For the aforementioned reasons, I respectfully dissent.