J-S12009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRIAN HUGHES, | |
| Appellant | No. 2478 EDA 2013 |

Appeal from the Judgment of Sentence June 5, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006179-2012

BEFORE:  BOWES, SHOGAN and FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 18, 2015**

Brian Hughes appeals from the aggregate judgment of sentence of five to ten years incarceration imposed by the trial court after it found him guilty of three counts of aggravated assault, discharging a firearm into an occupied structure, carrying a firearm on public street in Philadelphia, and possession of an instrument of crime ("PIC").  Since Appellant was sentenced to a mandatory minimum sentence of five to ten years pursuant to 42 Pa.C.S. § 9712, we are constrained to vacate his judgment of sentence.

On May 3, 2012, Appellant fired numerous shots with a nine millimeter handgun into the home of Carl Geter, who resided with his wife, children, and grandchildren.  Earlier in the evening, Appellant had confronted Mr. Geter over a purported $80 debt owed to him.  Appellant threatened to

---

* Former Justice specially assigned to the Superior Court.

"knock [Mr. Geter] the fuck out."   N.T., 6/5/13, at 14; *Id*. at 18.   In addition, Appellant threatened to shoot Mr. Geter.   Mr. Geter's stepdaughter and several other girls then began to get into an argument.   After police walked into the area, the verbal dispute temporarily dissipated.

However, several hours later, while Mr. Geter, his wife, and son and two grandchildren were inside, Appellant opened fire at the home on two occasions within twenty minutes to a half an hour of each other.   Mr. Geter's wife witnessed Appellant shooting at her home from across the street on the second occasion.   A television, windows, and a decorative figure were all shot.   In addition, furniture and curtains were riddled with bullet holes. Police recovered thirteen shell casings from the scene outside.   Those shell casings matched bullet fragments located in Mr. Geter's home.   Both the casings and bullets were fired from a nine millimeter Luger semi-automatic pistol.

Appellant proceeded to a non-jury trial.   The court found him guilty of the aforementioned charges on June 5, 2013.   On that same date, the court imposed concurrent five to ten year sentences on each aggravated assault count.[1]   The court also sentenced Appellant to concurrent sentences of two to four years imprisonment for discharging a firearm, and one to two years for carrying a firearm on the public streets of Philadelphia.   It did not impose a sentence on the PIC charge.

---

[1]  Appellant waived his right to a presentence investigation.

Appellant failed to timely appeal. However, on August 1, 2013, Appellant filed a PCRA petition seeking the reinstatement of his appellate rights. The court granted that petition on August 16, 2013. This timely *nunc pro tunc* direct appeal ensued. The court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, but did not raise the instant issue.

Appellant now raises one contention on appeal, "Should this matter should [sic] be remanded for resentencing because under the recently decided case of **Commonwealth v. Newman**, 2014 PA Super 178 (Aug. 20, 2014), the sentencing scheme employed by the lower court was unconstitutional?" Appellant's brief at 4.

Appellant correctly asserts that this Court has held that mandatory minimum sentencing statutes have been declared unconstitutional and sentences based on those statutes are illegal. He also maintains that, since his claim relates to the legality of his sentence, the issue is not waived. The Commonwealth, in misleading fashion, argues that based on this Court's decision in **Commonwealth v. Watley**, 81 A.3d 108 (Pa.Super. 2013) (*en banc*), his claim is waived. Specifically, the Commonwealth takes entirely out of context separate quotes from that decision and meshes them together. The Commonwealth's brief states, "an **Alleyne** claim regarding 'the constitutionality of a statute can be waived' where 'appellant did not preserve any challenge to his mandatory minimum sentence . . . or the

- 3 -

constitutionality of § 9712.1[.]" Commonwealth's brief at 6. However, what

this author actually wrote in **Watley** was,

> [Watley] did not preserve any challenge to his mandatory minimum sentence, his jury trial rights, or the constitutionality of § 9712.1, likely because similar challenges had been rejected based on prior United States Supreme Court decisions. The constitutionality of a statute can be waived. **See Commonwealth v. Hartz**, 367 Pa.Super. 267, 532 A.2d 1139, 1142–1143 (1987) (*en banc*) (Cirillo, P.J. concurring) (collecting cases); **see also Commonwealth v. Bavusa**, 574 Pa. 620, 832 A.2d 1042 (2003); **Commonwealth v. Wallace**, 368 Pa.Super. 255, 533 A.2d 1051 (1987).

> Nonetheless, while we are cognizant that **Alleyne** was a Sixth Amendment jury trial rights case, it necessarily implicated Pennsylvania's legality of sentencing construct since it held that it is improper to sentence a person to a mandatory minimum sentence absent a jury's finding of facts that support the mandatory sentence. Application of a mandatory minimum sentence gives rise to illegal sentence concerns, even where the sentence is within the statutory limits. **See Commonwealth v. Foster**, 960 A.2d 160 (Pa.Super. 2008), *affirmed,* 609 Pa. 502, 17 A.3d 332 (2011) (OAJC); **Hopkins, supra** at 821. Legality of sentence questions are not waivable and may be raised *sua sponte* by this Court.

**Watley**, **supra** 117-118 (footnote omitted).[2]

---

[2] Writing solely for myself, my own position is that there is a critical distinction between pre-**Alleyne** mandatory cases, where judges were sentencing based on essential facts connected to the crime that were not determined by a jury or agreed to by the defendant via stipulation or a plea, and post-**Alleyne** sentencing cases. In the latter situation, I believe any **Alleyne** issue should be preserved because the courts and Commonwealth were attempting to comply with that decision, thereby eliminating the constitutional jury trial problem. Hence, the grounds as to why a sentence would be constitutionally infirm are simply not the same in the pre-**Alleyne** cases. Phrased differently, in the pre-**Alleyne** cases, as here, there is an alleged and, in some cases, actual constitutional violation, based on an intervening change in the law, in combination with a lack of discretionary authority on the part of the sentencing judge. In post-**Alleyne** cases, the

Indeed, this Court has since opined that various **Alleyne**-type challenges to mandatory minimum sentences present non-waivable legality of sentence questions.  **See Commonwealth v. Vargas**, 2014 PA Super 289 (*en banc*); **Commonwealth v. Newman**, 99 A.3d 86 (Pa.Super. 2014) (*en banc*); **Commonwealth v. Ferguson**, 2015 PA Super 1; **Commonwealth v. Fennell**, 105 A.3d 13 (Pa.Super. 2014); **Commonwealth v. Valentine**, 101 A.3d 801 (Pa.Super. 2014); **Commonwealth v. Cardwell**, 105 A.3d 748 (Pa.Super. 2014); **Commonwealth v. Bizzel**, 2014 PA Super 267; **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa.Super. 2014); **Commonwealth v. Lawrence**, 99 A.3d 116 (Pa.Super. 2014); **Commonwealth v. Matteson**, 96 A.3d 1064

---

constitutional jury trial violation is generally no longer a concern.  The absence of discretion in sentencing does not automatically equate to an illegal sentencing issue.  **See Commonwealth v. Schutzues**, 54 A.3d 86 (Pa.Super. 2012); **Commonwealth v. Sarapa**, 13 A.3d 961 (Pa.Super. 2011); **Commonwealth v. Robinson**, 931 A.2d 15 (Pa.Super. 2007) (*en banc*) (Bender, J., dissenting).  For example, in **Commonwealth v. Foster**, 960 A.2d 160 (Pa.Super. 2008), *affirmed*, 17 A.3d 332 (Pa. 2011) (OAJC), in addition to the lack of judicial discretion, there was a violation of the statutory language interpreted by intervening Pennsylvania Supreme Court case law.

I add that in recent cases I have criticized this Court's severability and separation of powers analysis relative to mandatory minimums, **Commonwealth v. Bizzel**, 2014 PA Super 267 (Bowes, J., concurring); **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa.Super. 2014) (Bowes, J., concurring) (joined by Jenkins, J.), and suggested that we re-visit our legality of sentence paradigm as it relates to **Alleyne** mandatory minimum questions.  **See Wolfe**, *supra*.  I continue to adhere to those views, but I am currently bound by precedent to the contrary.

(Pa.Super. 2014); *Commonwealth v. Thompson*, 93 A.3d 478 (Pa.Super. 2014); *Watley*, *supra*; *Commonwealth v. Munday*, 78 A.3d 661 (Pa.Super. 2013).[3]

---

[3] In addition to *Alleyne*-related issues, in a host of other cases, we have construed various mandatory minimum sentencing claims as legality of sentence questions. *See Commonwealth v. Akbar*, 91 A.3d 227 (Pa.Super. 2014); *Commonwealth v. Armstrong*, 74 A.3d 228 (Pa.Super. 2013); *Commonwealth v. Baker*, 72 A.3d 652 (Pa.Super. 2013); *Commonwealth v. Hopkins*, 67 A.3d 817 (Pa.Super. 2013); *Commonwealth v. Hawkins*, 45 A.3d 1123 (Pa.Super. 2012); *Commonwealth v. Stein*, 39 A.3d 365 (Pa.Super. 2012), *disapproved on other grounds by*, *Commonwealth v. Hanson*, 82 A.3d 1023 (Pa. 2013); *Commonwealth v. Stokes*, 38 A.3d 846 (Pa.Super. 2012); *Commonwealth v. Poland*, 26 A.3d 518 (Pa.Super. 2011); *Commonwealth v. Kittrell*, 19 A.3d 532 (Pa.Super. 2011); *Commonwealth v. Carpio-Santiago*, 14 A.3d 903 (Pa.Super. 2011); *Commonwealth v. Madeira*, 982 A.2d 81 (Pa.Super. 2009); *Commonwealth v. McKibben*, 977 A.2d 1188 (Pa.Super. 2009); *Commonwealth v. Foster*, 960 A.2d 160 (Pa.Super. 2008), *affirmed*, 17 A.3d 332 (Pa. 2011) (OAJC); *Commonwealth v. Rush*, 959 A.2d 945 (Pa.Super. 2008); *Commonwealth v. Love*, 957 A.2d 765 (Pa.Super. 2008); *Commonwealth v. Diamond*, 945 A.2d 252 (Pa.Super. 2008); *Commonwealth v. Stafford*, 932 A.2d 214 (Pa.Super. 2007); *Commonwealth v. Harley*, 924 A.2d 1273 (Pa.Super. 2007); *Commonwealth v. Johnson*, 920 A.2d 873 (Pa.Super. 2007); *Commonwealth v. Littlehales*, 915 A.2d 662 (Pa.Super. 2007); *Commonwealth v. Bongiorno*, 905 A.2d 998 (Pa.Super. 2006); *Commonwealth v. Bell*, 901 A.2d 1033 (Pa.Super. 2006); *Commonwealth v. Edrington*, 780 A.2d 721 (Pa.Super. 2001); *Commonwealth v. Wynn*, 760 A.2d 40 (Pa.Super. 2000), *reversed on other ground*, 786 A.2d 202 (Pa. 2001); *see also Commonwealth v. Vasquez*, 744 A.2d 1280 (Pa. 2000) (Commonwealth's issue on appeal, regarding failure to impose a mandatory fine under 18 Pa.C.S. § 7508, was non-waivable illegal sentencing claim); *Commonwealth v. Eisenberg*, 98 A.3d 1268 (Pa. 2014) (constitutional challenge to mandatory minimum fine was illegal sentencing question); *Commonwealth v. Jacobs*, 900 A.2d 368 (Pa.Super. 2006) (*en banc*) (noting in *dicta* that certain mandatory minimum sentencing claims present legality of sentence issues); *cf*. *Commonwealth v. Taylor*, ___ A.3d ___ (Pa. 2014) (filed November 20, 2014) (failure to order

In **Watley**, we *sua sponte* raised and rejected an **Alleyne** issue. We held that non-compliance with **Alleyne**, which had not yet been decided at the time of Watley's trial or sentencing, was harmless and that the defendant's sentence was not illegal. There, the defendant was convicted by the jury of both possessing a firearm illegally and possession with intent to deliver drugs. A firearm and drugs were found together in the front passenger area of the car. The applicable mandatory sentencing statute related to firearms being located in close proximity to drugs.

Relying on United States Supreme Court precedent discussing harmless error for **Apprendi** violations, **see United States v. Cotton**, 535 U.S. 625 (2002), we held that, because the facts necessary to determine the mandatory sentence were undisputed, overwhelming, and decided by the jury, no **Alleyne** error occurred. Subsequently, in **Munday** and **Thompson**,

_____

mandatory drug and alcohol assessment prior to sentencing, in violation of statutory language, presented legality of sentence issue).

In **Commonwealth v. Williams**, 787 A.2d 1085 (Pa.Super. 2001), a panel of this Court did hold that a constitutional challenge to 42 Pa.C.S. § 9712, based on it violating the defendant's jury trial rights, was a discretionary sentencing claim. That decision is no longer valid in light of decisions such as **Newman**. Of course, in **Commonwealth v. Lawrence**, 99 A.3d 116 (Pa.Super. 2014), this Court held that constitutional challenges based on equal protection and *ex post facto* claims, relative to a mandatory minimum statute, did not present non-waivable illegal sentencing questions.

We add that our Supreme Court did grant allowance of appeal to consider whether **Alleyne** claims were illegal sentencing questions. **Commonwealth v. Johnson**, 93 A.3d 806 (Pa. 2014). Subsequently, the Supreme Court dismissed that appeal as improvidently granted. **Commonwealth v. Johnson**, 2014 WL 7335218 (filed Dec. 24, 2014).

this Court concluded that an **Alleyne** claim was non-waivable and meritorious where the jury did not decide the facts necessary to impose the mandatory sentence. In **Munday**, **Thompson**, and **Watley**, **Alleyne** had been decided after the defendants were sentenced.

**Newman** involved a case where the defendant's trial, sentencing and original appeal were decided prior to **Alleyne**. However, shortly after the original panel decision in **Newman**, the United States Supreme Court handed down **Alleyne**, and the defendant successfully sought re-argument. The **Newman** Court not only treated the **Alleyne** argument as an illegal sentencing claim, but also reached an issue of severability that had not been leveled below. Like **Munday**, and unlike **Watley**, the jury's verdict in **Newman** did not reveal that it found the facts needed to prompt the mandatory. As in **Watley**, the triggering facts for the mandatory sentence related to whether a firearm was in close proximity to drugs.

Although recognizing that an **Alleyne** issue could be considered under a harmless error analysis, the **Newman** Court found that the failure of the jury to expressly determine whether the gun in that case was in close proximity to drugs precluded a harmless error finding. The **Newman** majority further declined to remand for the empaneling of a second sentencing jury, finding that such a procedure would violate the separation of powers doctrine. In doing so, it ruled that the firearms mandatory

statute, 42 Pa.C.S. § 9712.1, was unconstitutional in its entirety and not merely the section governing a court's burden of proof.

In *Valentine*, *supra*, this Court expanded *Newman* to prevent the Commonwealth from submitting to the jury facts not included as an element of the offense but set forth in the mandatory sentencing statutes. There, in a post-*Alleyne* case, the Commonwealth amended its criminal information to include whether the defendant visibly possessed a gun and the offense occurred in or near a place of public transportation. Without objection, the jury was presented with specific jury interrogatories as to those facts. The jury found each fact beyond a reasonable doubt. The *Valentine* Court ruled that *Newman* rendered both mandatory sentencing statutes in question therein, 42 Pa.C.S. § 9712 and 42 Pa.C.S. § 9713, unconstitutional in their entirety. Subsequently, in *Commonwealth v. Ferguson*, 2015 PA Super 1, this Court reiterated that sentences pursuant to 42 Pa.C.S. § 9712 are illegal. Accordingly, based on *Newman*, *Valentine*, and *Ferguson*, we must vacate Appellant's judgment of sentence.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Shogan, J. joins.

Fitzgerald, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/18/2015