**[J-101-2016] [MO: Saylor, C.J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 16 WAP 2016 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court entered January 21, 2016 at No. |
| | : | 1711 WDA 2014, affirming the Order of |
| v. | : | the Court of Common Pleas of |
| | : | Allegheny County entered October 7, |
| | : | 2014 at Nos. CP-02-CR-0000261-2014, |
| SEAN CULLEN-DOYLE, | : | CP-02-CR-0001018-2014, CP-02-CR- |
| | : | 0002489-2014, CP-02-CR-0002529- |
| Appellant | : | 2014, CP-02-CR-0003271-2014 and |
| | : | CP-02-CR-0004050-2014 |
| | : | |
| | : | ARGUED: November 2, 2016 |

**DISSENTING OPINION**

**JUSTICE TODD** **DECIDED: July 20, 2017**

The majority holds that a single first-degree burglary conviction does not constitute a "history of present or past violent behavior" which would disqualify an offender from eligibility for a reduced sentence under the Recidivism Risk Reduction Incentive Act ("RRRI Act"). 61 Pa.C.S. § 4503. It bases this holding on its conclusion that the phrase "history of present or past violent behavior" is ambiguous, and, consequently, on, *inter alia*, the policy underlying the RRRI Act, which it characterizes as reducing recidivism by "offer[ing] greater reform opportunities for first-time offenders than for repeat offenders." Majority Opinion at 6. Because I view the phrase "history of present or past violent behavior" as unambiguously encompassing all instances of violent behavior — both past crimes and those "present" crimes for which a defendant is being sentenced — I would find that Appellant's single first-degree burglary conviction,

which involves violent behavior *per se*, disqualifies him from eligibility for the RRRI program. Accordingly, I must dissent.

As the majority notes, "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). If the words of a statute are clear and unambiguous, we may not look beyond the plain meaning of the statutory language "under the pretext of pursuing its spirit," 1 Pa.C.S. § 1921(b), as the statutory language is "presumed to be the best indication of legislative intent." *Commonwealth v. Corban Corp.*, 957 A.2d 274, 276 (Pa. 2008) (internal quotation marks omitted). If, however, an ambiguity exists with respect to the language of a statute, we may determine the General Assembly's intent by considering the factors listed in Section 1921(c) of the Statutory Construction Act. 1 Pa.C.S. § 1921(c). Critically, for present purposes, a word or phrase is ambiguous when it is subject to more than one reasonable interpretation. *A.S. v. Pa. State Police*, 143 A.3d 896, 905-06 (Pa. 2016).

Here, the majority, without identifying any reasonable interpretation of the phrase "history of present or past violent behavior," much less any *alternative* interpretation which would render the phrase ambiguous, opines that the phrase is materially ambiguous because "'history' ordinarily concerns past events." Majority Opinion at 4. I do not disagree with the majority's straightforward assessment that "history" must concern events which occurred in the past. I disagree, however, that, as a result, Section 4503 is ambiguous because it is subject to multiple reasonable interpretations.

In concluding that "history of present or past violent behavior" is ambiguous, the majority focuses solely on the meaning of "history" without considering the term in the context of the rest of the phrase. Yet, it is well settled that "we cannot arrive at the meaning of a word, even the 'ordinary' meaning, without considering the surrounding

words and provisions," *Commonwealth v. Fant*, 146 A.3d 1254, 1260 (Pa. 2016), and it is precisely the application of the word "history" in the context of the "present or past violent behavior" language in Section 4503, rather than the definition of "history" itself, which forms the basis of the parties' dispute regarding the proper interpretation of this statutory language.

When considered in its proper context with the entire phrase, I do not view the obvious association of "history" with past events as creating an ambiguity in the statute. Although "history of present or past violent behavior," and, more specifically, the notion of a "present history," is certainly awkward verbiage, I nevertheless find this wording capable of an interpretation which gives effect to the whole phrase, consistent with the aforementioned principles of statutory construction. In my view, "history" for purposes of Section 4503 refers to an "established record" of violent behavior, and "present" or "past" signifies that any violent conviction will suffice for ineligibility. Webster's New College Dictionary 537 (3d ed. 2008) (defining "history" as an "established record or pattern"). Thus, this "established record" may have been created either by virtue of a *past* conviction of a violent act for which the defendant was already sentenced — i.e, a "history of *past* violent behavior" — or by a violent act for which the defendant was convicted and is *presently* being sentenced — i.e., a "history of *present* violent behavior." In short, and as the Superior Court observed below, the phrase excludes from RRRI eligibility "*all* violent behavior." *Commonwealth v. Cullen-Doyle*, 133 A.3d 14, 21 (Pa. Super. 2016) (emphasis original).

Construing "history of present or past violent behavior" in this fashion not only gives effect to each of the words contained in the phrase, but is consistent with the other eligibility requirements found in Section 4503. See *Fant*, 146 A.3d at 1260 ("We must read a section of a statute in conjunction with other sections, construing them

always with reference to the entire statute."). Indeed, in addition to requiring that an offender "not demonstrate a history of present or past violent behavior" as a prerequisite for RRRI eligibility, Section 4503 requires, *inter alia*, that the offender "[h]as not been found guilty of or previously convicted of or adjudicated delinquent for" any of the enumerated offenses in that section, including certain personal injury crimes, certain sexual offenses, and certain drug offenses. 61 Pa.C.S. § 4503. These eligibility provisions clearly encompass both past and present convictions, and contemplate disqualification from the RRRI program based upon a single conviction, undermining the majority's conclusion that the Act broadly contemplates eligibility for first-time offenders. Moreover, the majority's interpretation requires us to reach the strained conclusion that the General Assembly intended that a defendant, such as Appellant, who has been convicted of a single violent offense, would be RRRI eligible when it has excluded defendants who have been convicted of a single enumerated crime — including some crimes which are non-violent — from doing so. *See, e.g., id.* § 4503(4) (rendering, *inter alia*, a defendant who was convicted of open lewdness ineligible for the RRRI program); § 4503(6) (rendering, *inter alia*, a defendant who was convicted of certain enumerated drug offenses ineligible for the RRRI program).

In light of the foregoing, I find that the phrase "history of present or past violent behavior" unambiguously excludes from RRRI eligibility all violent offenders — both first-time offenders and those who have previously been convicted of a violent crime. Because I view this language as unambiguous, the inquiry must end there, and, thus, I do not find it necessary or appropriate to rely on the factors listed in Section 1921(c) of the Statutory Construction Act in interpreting Section 4503, regardless of how compelling some of those factors may be in support of Appellant's preferred construction.

Justices Dougherty and Wecht join this dissenting opinion.