J-E03004-15

2016 PA Super 6

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| BRANDY L. VEGA-REYES, | |
| Appellee | No. 730 MDA 2014 |

Appeal from the Order Entered April 2, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0003272-2013

BEFORE: GANTMAN, P.J., BENDER, P.J.E., BOWES, PANELLA, SHOGAN, LAZARUS, OTT, STABILE, and JENKINS, JJ.

OPINION BY BOWES, J.:                    **FILED JANUARY 07, 2016**

The Commonwealth appeals from the April 2, 2014 order entered by the trial court that granted Brandy L. Vega-Reyes' motion to dismiss certain charges of welfare fraud based on a statute of limitations.[1] We reverse and remand.

The underlying criminal charges in this matter were instituted by a criminal complaint filed by the Pennsylvania Office of Inspector General. Specifically, on March 27, 2013, Agent Herbert Pfuhl filed a private criminal complaint against Ms. Vega-Reyes alleging that she committed welfare fraud under 62 P.S. § 481(a). According to that complaint, between 2008 and

_____

[1] Since the Commonwealth filed a certification that the order will substantially handicap its prosecution, we have jurisdiction over this interlocutory appeal based on Pa.R.A.P. 311(d).

2010, Ms. Reyes was receiving public welfare. Agent Pfuhl further averred in the complaint that Ms. Vega-Reyes met with a York County Public Assistance Office caseworker on April 4, 2008. This meeting was an interview for a renewal of welfare benefits based on an application submitted by Ms. Vega-Reyes. Ms. Vega-Reyes did not disclose that she was living with a legally responsible relative who was employed and earning income. Ms. Vega-Reyes also certified that she was told of ongoing reporting responsibilities and signed an affidavit acknowledging that she would report changes of household income, employment, or composition. As a result of this interview, Ms. Vega-Reyes received welfare benefits until July 31, 2010. Agent Pfuhl alleged in the complaint that Ms. Vega-Reyes collected $20,375 in welfare benefits for which she was not eligible.

Ms. Vega-Reyes sought to have the welfare fraud charges that arose before March 27, 2009, dismissed as outside a four-year statute of limitations. The trial court conducted a hearing on February 27, 2014, and originally entered an order granting the motion on March 26, 2014. A week later, on April 2, 2014, the court issued a supplemental order. That order set forth that, "Since the criminal complaint was filed on March 27, 2013, all alleged violations that occurred before March 27, 2009, cannot be considered as evidence against the Defendant." Supplemental Order, 4/2/14, at 2. Thus, not only did the trial court dismiss various charges against Ms. Vega-Reyes, but it also precluded introduction of evidence of her

prior bad acts as evidence with respect to conduct occurring after the March 27, 2009 date.

The Commonwealth timely appealed on April 25, 2014. The trial court directed the Commonwealth to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The Commonwealth complied and the trial court authored its Rule 1925(a) opinion. This Court, in a divided unpublished decision, with this author dissenting, affirmed the trial court. Thereafter, the Commonwealth sought *en banc* review, which this Court unanimously granted. The matter is now ready for this Court's review.

The Commonwealth in its substituted brief raises three issues.

I.    Whether the lower court committed an error in law when ruling that the original four year statutes of limitation for welfare fraud under 62 Pa. Stat. § 481(a) applied to Defendant's 2008-2010 fraudulent conduct when the Pennsylvania Legislature in 1982 extended the statute of limitation for welfare fraud to five years?

II.   Whether the Superior Court misapprehended or overlooked facts of record regarding whether the trial court deferred ruling on whether Appellee's actions prior to March 27, 2009 would be excluded as evidence?[2]

III.  Whether the lower court committed an error in law when ruling that evidence of Defendant's conduct prior to March 27, 2009 was inadmissible solely because of the statute of limitations where Defendant's welfare fraud involved a

---

[2] The Commonwealth's second issue is moot, as this Court has withdrawn our prior memorandum. Accordingly, we address its first and third issues, which were the claims leveled in its original brief.

continuing course of conduct and the evidence excluded was part and parcel of Defendant's fraudulent conduct?

Commonwealth's substituted brief at 4.

At issue is the applicable statute of limitations. This raises a question of law; hence, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Corban Corporation***, 957 A.2d 274, 276 (Pa. 2008). Pursuant to the Public Welfare Code, 62 P.S. § 481(d) provides a four-year statute of limitations for violations of 62 P.S. § 481(a). The Commonwealth charged Ms. Vega-Reyes under § 481(a), which provides:

> (a)  Any person who, either prior to, or at the time of, or subsequent to the application for assistance, by means of a wilfully false statement or misrepresentation, or by impersonation or by wilfully failing to disclose a material fact regarding eligibility or other fraudulent means, secures, or attempts to secure, or aids or abets or attempts to aid or abet any person in securing assistance, or Federal food stamps, commits a crime which shall be graded as provided in subsection (b).

62 P.S. § 481(a).

After the passage of 62 P.S. § 481, the General Assembly enacted 42 Pa.C.S. § 5552(b)(4). That statute sets forth,

> **(b)  Major offenses.**--A prosecution for any of the following offenses must be commenced within five years after it is committed:
>
> . . . .
>
> (4) Under the act of June 13, 1967 (P.L. 31, No. 21), known as the Public Welfare Code.

42 Pa.C.S. § 5552(b)(4).

The Commonwealth contends that this later-enacted statute controls and that the proper statute of limitations is five years. In contrast, Ms. Vega-Reyes asserts that the earlier statute, 62 P.S. § 481(d), is more specific and prevails over the later general law, 42 Pa.C.S. § 5552(b)(4). As it relates to these specific statutory provisions, we are presented with an issue of first impression.

"The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S. § 1921. "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." *Id*. The clearest manner in which we discern legislative intent is by the language of the statute itself. ***Corban Corporation***, ***supra*** at 276. Only where the statutory language is not explicit do we engage in discerning legislative intent beyond the face of the text. 1 Pa.C.S. § 1921(c).

Additionally, specific to the instant case is the statutory rule governing conflicting statutes. That statute provides,

> Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision

shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S. § 1933.

The parties do not dispute that the two statutes at issue are irreconcilably in conflict. Prior to 1982, offenses under the Public Welfare Code, except the crime in question, were subject to a two-year statute of limitations. *See* Act of June 13, 1967, P.L. 31, No. 21. The welfare fraud crime in question had a lengthier four-year limitation period. In April of 1982, the legislature amended the definition of welfare fraud violations under § 481(a), leaving the four-year limitation period intact. *See* Act of April 8, 1982, P.L. 231, No. 75 § 21. In December of 1982, the legislature enlarged the statute of limitations period for all Public Welfare Code offenses, including the crime at issue, to five years. *See* Act 1982-326 (H.B. 1804), P.L. 1409, § 201, Dec. 20, 1982 (setting forth 42 Pa.C.S. § 5552(b)(4)).

The Commonwealth argues that by specifically enumerating the Public Welfare Code in 42 Pa.C.S. § 5552(b)(4), the legislature clearly intended to displace the statute of limitations contained in the Public Welfare Code itself. In doing so, it distinguishes our Supreme Court's decision in ***Corban Corporation***, ***supra***, wherein the High Court held that a specific statute of limitation under the Workers' Compensation Act prevailed over the later enacted catch-all general two-year limitation period provided in 42 Pa.C.S. §

5552(a). Since this case does not involve the generic catch-all limitations period set forth in 42 Pa.C.S. § 5552, but an expressly enumerated period of time for Public Welfare Code violations, the Commonwealth reasons that **Corban Corporation**, **supra**, does not support the trial court's decision. We agree.

We add that Ms. Vega-Reyes erroneously contends that a specific statute "always prevails over a general limitation provision[.]" Appellee's brief at 5. However, a general provision that is enacted later prevails where it is the manifest intent of the legislature. **See** 1 Pa.C.S. § 1933. The legislative history of Section 481 demonstrates it was enacted, "1967, June 13, P.L. 31, No. 21, art 4, § 481." 62 Pa.C.S. § 481. The legislative history of Section 5552 shows it was enacted, "1976, July 9, P.L. 586, No. 142, § 2, effective June 27, 1978." Section 5552 was clearly enacted later than Section 481, and the language of Section 5552(4) also indicates the five-year statute of limitations will apply to any violation of the Public Welfare Code. This later enactment demonstrates the manifest intention of the General Assembly that the general provision shall prevail, resulting in the determination that the five-year statute of limitations is applicable to the instant offense.

Indeed, the language of 42 Pa.C.S. § 5552(b)(4) is unambiguous. The General Assembly clearly set forth in the statute that a five-year statute of limitations applies to all offenses under the Public Welfare Code. The plain

language of the statute at issue expresses the legislature's intent. A five-year limitation period applies.[3] Indeed, it would be nonsensical to conclude that the legislature intended to increase the two-year statute of limitations for other Public Welfare Code offenses to five years, but not increase the lengthier four-year statute of limitations for the crime in question.

In the present case, the manifest intent of the legislature is apparent: uniformly increase the statute of limitations for all Public Welfare Code violations to five years. The trial court erred in concluding otherwise. Thus, we reverse the trial court's order dismissing charges based on the four-year statute of limitations. This necessarily abrogates the court's order that no evidence of these crimes would be admissible in a trial against Ms. Vega-Reyes relative to her continuing conduct that occurred after March 27, 2009.

Order reversed. Case remanded. Jurisdiction relinquished.

_____

[3] We are aware that the crime in question has fraud as a material element. In such cases, a statute of limitations may be extended. Pursuant to 42 Pa.C.S. § 5552(c), when fraud is a material element of a crime, the charges may be brought "within one year after discovery of the offense by an aggrieved party or by a person who has a legal duty to represent an aggrieved party and who is himself not a party to the offense, but in no case shall this paragraph extend the period of limitation otherwise applicable by more than three years."

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/7/2016