J-A11032-17

2017 PA Super 216

| S.J., A MINOR BY AND THROUGH B. & C. J., GUARDIANS | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellants | : | |
| v. | : | |
| | : | No. 1198 MDA 2016 |
| CALVIN M. GARDNER | : | |

Appeal from the Order Entered June 24, 2016
In the Court of Common Pleas of Franklin County
Civil Division at No(s): 2013-4372

BEFORE: SHOGAN, MOULTON, JJ., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.: **FILED JULY 11, 2017**

S.J., a minor, by and through her guardians, B.J. and C.J. (collectively "Appellants") appeals the order entered by the Honorable Angela R. Krom of the Court of Common Pleas of Franklin County, granting Appellee Calvin M. Gardner's cross-motion for summary judgment and dismissing S.J.'s civil action for damages caused by the sexual abuse perpetrated on her by Appellee. Appellants specifically contend that the trial court erred in finding S.J.'s action was time-barred and that the Minority Tolling Statute did not toll the relevant statute of limitations. We reverse the order granting summary judgment and remand for further proceedings.

In July 2010, S.J.'s parents reported to police S.J.'s revelation that Appellee had coerced her to engage in sexual encounters multiple times over

_____

[*] Former Justice specially assigned to the Superior Court.

an extended time period from 2008 to July 2010, beginning when S.J. was six years old. On October 5, 2010, Appellee was charged with Indecent Assault (of a child less than 13 years old). On July 13, 2011, Appellee pled guilty to this charge and was sentenced to five years' probation.

On October 31, 2013, S.J., through her parents, filed a civil complaint in the Court of Common Pleas of Franklin County against Appellee, bringing claims of battery and intentional infliction of emotional distress in connection with the damages S.J. suffered from Appellee's sexual abuse. Thereafter, Appellants filed a motion for partial summary judgment, claiming Appellee's guilty plea to indecent assault estopped him from denying the abusive acts in this civil action. Appellee filed a cross-motion for summary judgment, claiming that the instant action was untimely as it had not been commenced within the two year statute of limitations period applicable to intentional torts.[1] In response, Appellants asserted that S.J.'s lawsuit was properly filed pursuant to the Minority Tolling Statute (42 Pa.C.S.A. § 5533(b)).

_____

[1] Section 5524 of the Judicial Code provides in relevant part:

> The following actions and proceedings must be commenced within two years:
>
> (1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process.
>
> ***
>
> (7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other

*(Footnote Continued Next Page)*

The trial court granted Appellee's motion for summary judgment and concluded the instant action was time-barred by the two-year statute of limitations in 42 Pa.C.S.A. § 5524. Finding that this action accrued in July 2010 when S.J.'s parents discovered the abuse, the trial court determined that this lawsuit was untimely filed on October 31, 2013. Although the trial court recognized the existence of the Minority Tolling Statute, it found this statute was inapplicable as this action was initiated by S.J.'s parents, who were required to exercise "due diligence" to file suit within the prescribed two-year statutory period. Trial Court Opinion (T.C.O.), 6/24/16, at 6-7. This timely appeal followed.

As an initial matter, although not raised by the parties in their respective briefs, we observe that the first time that Appellee raised his claim based on the statute of limitations was in his cross-motion for summary judgment. Our rules of civil procedure provide that the statute of limitations is an affirmative defense that must be pled in a responsive pleading as new matter. Pa.R.C.P. 1030(a). **See Bartanus v. Lis**, 480 A.2d 1178, 1186 (Pa.Super. 1984) (finding it was improper for defendants to attempt to raise the statute of limitations in their preliminary objections).

*(Footnote Continued)* ───────────────

> action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

42 Pa.C.S.A. § 5524(1),(7).

- 3 -

Nevertheless, if a party fails to include this affirmative defense in a responsive pleading and improperly raises the claim in preliminary objections or even in a motion for summary judgment, the failure of the opposing party to object to the procedural defect waives the error and allows for review of this issue. *See Richmond v. McHale*, 35 A.3d 779, 782 (Pa.Super. 2012) (citing *Duquesne Slag Products v. Lench*, 490 Pa. 102, 415 A.2d 53, 54 (1980)). In this case, while it was improper for Appellee to file his affirmative defense based on the statute of limitations in his motion for summary judgment, Appellants never objected to Appellee's procedural defect. As a result, we may review this claim on its merits.

The sole issue before this Court is whether the trial court erred in finding that this action was barred by the statute of limitations as the Minority Tolling Statute was inapplicable. As statutory interpretation is a question of law, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Vega-Reyes*, 131 A.3d 61, 63 (Pa.Super. 2016). The relevant provisions of the Minority Tolling Statute are as follows:

> **(b) Infancy.—**(1) (i) If an individual entitled to bring a civil action is an unemancipated minor at the time the cause of action accrues, the period of minority shall not be deemed a portion of the time period within which the action must be commenced. Such person shall have the same time for commencing an action after attaining majority as is allowed to others by the provisions of this subchapter.
> (ii) As used in this paragraph, the term "minor" shall mean any individual who has not yet attained 18 years of age.
>
> (2) (i) If an individual entitled to bring a civil action arising from childhood sexual abuse is under 18 years of age at the time the

- 4 -

cause of action accrues, the individual shall have a period of 12 years after attaining 18 years of age in which to commence an action for damages regardless of whether the individual files a criminal complaint regarding the childhood sexual abuse.

\*\*\*

42 Pa.C.S.A. § 5533(b)(1)-(2).

Appellants argue that the trial court incorrectly found that S.J.'s parents, who filed this lawsuit on S.J.'s behalf, could not invoke the protection of the Minority Tolling Statute and were still required to comply with the two-year statute of limitations applicable to intentional torts. The trial court suggested that the statute must only be applied to allow minors to wait until they reach the age of majority (eighteen years old) to file such an action in their individual capacity as adults, when their parents failed to do so on their behalf within the applicable statute of limitations. The trial court set forth its rationale as follows:

> Here, [S.J.'s parents] filed an action on behalf of their minor child, S.J., on October 31, 2013. [S.J.'s parents] cannot now use the Minority Tolling Statute to extend the time within which they must file their Complaint. The Minority Tolling Statute would have theoretically applied to this matter only if S.J.'s parents did not initiate suit on her behalf before her eighteenth birthday. The Minority Tolling Statute is intended to preserve minor's claims until they reach the age of majority and are able to pursue those claims on their own, *if their parent or guardian has not already done so*. After her eighteenth birthday, S.J. could have initiated a suit on her own against [Appellee], using the Minority Tolling Statute to extend the time to bring her claim. However, S.J.'s parents elected to commence an action prior to S.J.'s eighteenth birthday on her behalf. In essence, [S.J.'s parents] took matters into their own hands and went forward with their claim. As our Superior Court stated in ***Holt*** [***v. Lenko***, 791 A.2d 1212, 1214 (Pa.Super. 2002)], the Minority Tolling Statute was enacted to protect the minor plaintiff whose

- 5 -

parent fails to bring a suit on the minor's behalf prior to the minor's eighteenth birthday.  [S.J.'s parents] did not fail to bring a suit on S.J.'s behalf; they affirmatively acted.  however, [S.J.'s parents] waited until over three years after the discovery of the sexual abuse to file their Complaint.  The applicable two-year statute of limitations must be applied.

T.C.O. at 6-7.

The trial court's interpretation of the Minority Tolling Statute is incorrect and conflicts with existing decisional law in which our courts have previously interpreted the same provision.  In **Fancsali ex rel. Fancsali v. Univ. Health Ctr. of Pittsburgh**, 563 Pa. 439, 761 A.2d 1159 (2000), our Supreme Court clarified how the Minority Tolling Statute should be applied:

[Pursuant to the Minority Tolling Statute,] the period within which a minor's action must be commenced is measured not from the time the cause of action accrues, but from the time he or she turns eighteen.  *This is true regardless of the fact that a guardian may sue on behalf of a minor at any time after a cause of action accrues*.  *If a guardian does sue on behalf of a minor, the action has been commenced before the limitation period has started to run.  Nevertheless, the limitation period remains suspended.*  As in any other situation, the commencement of an action has no bearing on the limitation period.

*Id*. at 448–49, 761 A.2d at 1164 (emphasis added).  In other words, the limitations period for a minor's claim is measured from the time the minor turns eighteen, irrespective of the date the cause of action accrues and regardless of whether the action is filed by the minor's guardians or by the minor in his or her individual capacity once he or she turns eighteen.  **See Czimmer v. Janssen Pharm., Inc.**, 122 A.3d 1043, 1060–61 (Pa.Super. 2015), *reargument denied* (Oct. 26, 2015).

Thus, in the instant case, the applicable time period for S.J. to file this civil suit against Appellee did not begin to run when S.J. revealed to her parents that she had been subjected to Appellee's sexual abuse. Although this discovery marked the accrual of S.J.'s cause of action, the limitations period for S.J.'s claim was suspended until S.J.'s eighteenth birthday pursuant to the Minority Tolling Statute. Thus, S.J.'s parents commenced this lawsuit on S.J.'s behalf before the period of limitations began to run.

The trial court's suggestion that the Minority Tolling Statute only functions to preserve a minor's right to file a lawsuit on his or her own behalf when he or she turns eighteen years old is contrary to the purpose of any statute of limitations, which is "to expedite litigation and thus discourage delay and the presentation of stale claims which may greatly prejudice the defense of such claims." **McCreesh v. City of Philadelphia**, 585 Pa. 211, 222, 888 A.2d 664, 671 (2005) (citation omitted). S.J.'s parents filed this lawsuit three years after discovering Appellee had molested S.J.; we reject the trial court's suggestion that the Minority Tolling Statute should be interpreted to require S.J. to wait until she turns eighteen to pursue her legal action against Appellee for childhood sexual abuse.

Moreover, the trial court misconstrued our decision in **Foti v. Askinas**, 639 A.2d 807, 809 (Pa.Super. 1994)), in claiming that the Minority Tolling Statute "was not intended to give infants more rights than others." In **Foti**, the minor's parents initially filed a medical malpractice lawsuit on the minor's behalf but subsequently filed a motion to dismiss the case without

prejudice as they failed to retain the expert testimony necessary to proceed with this case. This Court held that the trial court's decision to dismiss the case without prejudice unfairly provided the minor with an unfair advantage as she would have several years to pursue and prepare a successive action as an adult while the defendants would be compelled to defend themselves a second time during the subsequent twelve years. As a result, this Court concluded that the Minority Tolling Statute was "not enacted to give minors such an advantage." **Id**. at 809.

Similarly, in **Robinson v. Pennsylvania Hosp.**, 737 A.2d 291 (Pa.Super. 1999), this Court found that the Tolling Statute, which specifically extends the time only "for *commencing* an action," was not intended to and did not provide a minor and her parents with an unfair advantage to be permitted fifteen additional years to make out a *prima facie* case in a successive lawsuit when they failed to do so in their initial lawsuit that was dismissed. **Id**. (emphasis added). In contrast, in this case, Appellants are simply asking to commence this lawsuit on S.J.'s behalf to seek redress for the injuries she suffered at the hands of Appellee, who pled guilty to the indecent assault of S.J.

Accordingly, this civil action, which S.J.'s parents filed on minor S.J.'s behalf, was not time-barred as the Minority Tolling Statute had suspended

the applicable statute of limitations.[2]  For the foregoing reasons, we conclude the trial court erred in granting Appellee's motion for summary judgment.

Order reversed.  Remand for further proceedings.  Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/11/2017

---

[2] Though not at issue in this case, it is worth noting that S.J.'s action is not governed by the two-year statute of limitations in Section 5524 relating to intentional torts.  Rather, once S.J. turned eighteen, the period of limitations for her civil action for childhood sexual abuse would commence and the Minority Tolling Statute would allow S.J. to file her action for damages within the subsequent twelve years.  **See** 42 Pa.C.S.A. § 5533(b)(2).