J-S18023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: PRIVATE CRIMINAL COMPLAINT OF ANTHONY SMITH | : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: ANTHONY TUSWEET SMITH | : : | No. 1213 WDA 2017 |

Appeal from the Order July 25, 2017
in the Court of Common Pleas of Beaver County,
Criminal Division at No(s):  CP-04-MD-0000525-2017

BEFORE:  STABILE, J., MUSMANNO, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MUSMANNO, J.:                 **FILED JUNE 28, 2018**

Anthony Tusweet Smith ("Smith"), *pro se*, appeals from the Order affirming the Beaver County District Attorney's Office's ("the District Attorney") disapproval of Smith's Private Criminal Complaint ("PCC").  We affirm.

Smith, an inmate at the State Correctional Institution at Greene (SCI-Greene), filed a PCC against Harmony Township Police Sergeant James Essek ("Sergeant Essek") on June 1, 2017.[1]  In sum, Smith alleged that Sergeant Essek filed a "false criminal complaint" against him, and violated 18 Pa.C.S.A. § 903 by conspiring with several individuals to commit various criminal

_____

[1] The PCC was docketed on June 5, 2017.

offenses against him.[2]  The District Attorney disapproved the PCC, indicating that because all of the alleged acts had occurred in 2001 and 2002, the PCC was filed beyond the statute of limitations.

On July 10, 2017, Smith filed a *pro se* Petition for Review of the District Attorney's decision, pursuant to Pa.R.Crim.P. 506.[3]  The trial court affirmed the District Attorney's disapproval, stating that "the alleged offenses are beyond the applicable statute of limitations."  Trial Court Order, 7/28/17, at 2 (citing 42 Pa.C.S.A. § 5552).  This timely appeal followed.[4]

On appeal, Smith raises the following issues for our review:

> I. Whether the trial court erred in affirming the [D]istrict [A]ttorney's bald face finding of the expiration of the statute of limitations on allegations within [Smith's] PCC?

> II. Whether the trial court erred in denying [Smith the] opportunity to develop the record for review of the [D]istrict [A]ttorney's finding that the statute of limitations had expired on [Smith's] PCC?

---

[2] Smith alleged that Kyle Goosby, Linda Barr, Kim Tesla, John J. Tobin, Brian K. Zimmerman, Jennifer Ann Petersen, Anthony Berosh, Thomas Phillis, T. Kurt Fuchel, and Monte Bruce Jackson were participants in the conspiracy. However, Sergeant Essek is the only named defendant.

[3] Relevantly, in his Petition for Review, Smith requested that the trial court "allot a time period for development of the record."  Petition for Review, 7/10/17.

[4] On August 17, 2017, before filing his Notice of Appeal, Smith issued a subpoena to the Pennsylvania State Police, seeking property records and investigation reports related to his underlying criminal case.  In September 2017, **after the Notice of Appeal had been filed with this Court**, Smith filed a "Motion for Subpoena Enforcement," which the trial court denied on October 5, 2017.

III. Whether the trial court erred in denying [Smith's] [M]otion for subpoena enforcement of [Pennsylvania State Police] property records related to [Smith's] PCC in violation of [his] fundamental right to due course of law [pursuant to the] Pennsylvania Constitution[,] Article I § 11?

Brief for Appellant at 4 (issues renumbered).

Our review is limited to the trial court's review of the District Attorney's decision:

When the district attorney disapproves a private criminal complaint solely on the basis of legal conclusions, the trial court undertakes *de novo* review of the matter. Thereafter, the appellate court will review the trial court's decision for an error of law. As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary.

*In re Miles*, 170 A.3d 530, 534 (Pa. Super. 2017) (citation and brackets omitted). The applicable statute of limitations for a crime raises a question of law. *See Commonwealth v. Vega-Reyes*, 131 A.3d 61, 63 (Pa. Super. 2016). Therefore, *de novo* review was appropriate.

In his first claim, Smith asserts that the trial court erred in affirming the District Attorney's disapproval of his PCC based on the expiration of the applicable statute of limitations. Brief for Appellant at 12. Smith argues that "the mere fact that the allegations date back to 2001 and 2002 does not determine the conclusion of criminal conduct…." *Id.*

Generally, "a prosecution for an offense must be commenced within two years after it is committed." 42 Pa.C.S.A. § 5552(a). However, a five-year statute of limitations applies to a conspiracy to commit certain offenses enumerated in paragraphs (1) and (2) of section 5552(b). *Id.* § 5552(b)(3).

Additionally, criminal conspiracy is a continuing offense, and does not terminate until the conspiracy ends, at which time the statute of limitations starts to run. **Commonwealth v. McSloy**, 751 A.2d 666, 669 (Pa. Super. 2000); **see also** 42 Pa.C.S.A. § 5552(d) (providing that "[a]n offense is committed either when every element occurs, or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time when the course of conduct or the complicity of the defendant therein is terminated. Time starts to run on the day after the offense is committed."); 18 Pa.C.S.A. § 903(g) (providing that, for purposes of 42 Pa.C.S.A. § 5552(d), "conspiracy is a continuing course of conduct which terminates when the crime or crimes which are its object are committed or the agreement that they be committed is abandoned…").

In his PCC, Smith identifies a multitude of offenses committed by individual named participants, many of which are identified in paragraph (1) of section 5552(b). Additionally, Smith alleges that eleven individuals committed criminal offenses against him, but he failed to allege facts establishing that the alleged, distinct offenses are part of a conspiratorial agreement. Further, although Smith appears to claim that the conspiracy is ongoing, he failed to allege facts establishing an ongoing conspiracy in either his PCC or appellate brief. Because the last alleged offense occurred in 2002, and Smith failed to allege that the purported agreement is ongoing, we agree with the trial court's conclusion that the District Attorney properly disapproved

Smith's PCC on the basis that he had filed the PCC well beyond the statute of limitations.

In his second claim, Smith contends that the trial court erred in denying him the opportunity to develop the record for review of the District Attorney's disapproval of his PCC. Brief for Appellant at 9. Smith identifies eight items, including documents and transcripts from his underlying criminal case and the property records he sought with the subpoena, which he believes should be included in the record to substantiate the allegations contained in his PCC. *Id.* at 9-10.

Initially, it is apparent from the allegations contained in the PCC that Smith had access to, or was, at a minimum, aware of the contents of, the requested documents. Smith has failed to explain why he could not have used the information contained in the documents in support of either his PCC or his Petition for Review. Smith has additionally failed to explain how the requested documents are relevant to establishing that the PCC was filed within the applicable statute of limitations. Accordingly, discerning no error by the trial court, we cannot grant Smith relief on this claim.

In his third claim, Smith argues that the trial court erred in denying his "Motion for Subpoena Enforcement." Brief for Appellant at 10. Smith claims that the records he sought are necessary to substantiate his conspiracy allegation. *Id.* at 10-11.

In its Order denying Smith's Motion, the trial court correctly pointed out that Smith did not file the subpoena until **after** the trial court had affirmed

the District Attorney's disapproval of Smith's PCC, and he did not file the Motion to enforce the subpoena until **after** he had filed a Notice of Appeal. Trial Court Order, 10/5/17, at 1 (unnumbered). The trial court therefore "[found] it improper to enforce a subpoena subsequent to [the c]ourt entering a final, and appealed, Order[,]" *id.*, and we agree. **See** Pa.R.A.P. 1701(a) (providing that "after an appeal is taken …, the trial court … may no longer proceed further in the matter."); *see also Commonwealth v. Pearson*, 685 A.2d 551, 557 (Pa. Super. 1996) (stating that "[o]nce a notice of appeal is filed, a trial court is divested of jurisdiction to act further on the case."). Thus, Smith is not entitled to relief on his third claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/2018