J-S29024-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CYNTHIA CAROLYN BLACK | : | |
| | : | |
| Appellant | : | No. 1028 MDA 2022 |

Appeal from the Judgment of Sentence Entered June 17, 2022
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0002801-2020

BEFORE:   MURRAY, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                    **FILED: OCTOBER 23, 2023**

Appellant, Cynthia Carolyn Black, appeals from the judgment of sentence entered in the York County Court of Common Pleas, following her bench trial convictions for receiving stolen property, abuse of a corpse, and theft by deception.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. Appellant and her grandmother, Glenora Delahay, lived together at a home in Ardmore, Pennsylvania.  Ms. Delahay was elderly and received monthly payments from the Social Security Administration ("SSA").  These payments were deposited in a bank account shared by Ms. Delahay and Appellant.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3925(a), 5510, and 3922(a)(1).

Ms. Delahay died at some point between 2001 and 2005. Rather than report this death, Appellant wrapped Ms. Delahay's body in bags and a blanket and carried the body to the basement where she placed it in a chest freezer. Appellant locked the freezer and kept the body hidden within it. Appellant brought the freezer with her to her new residence in York County, Pennsylvania, when she moved. Following foreclosure proceedings in May 2018, Appellant moved out of the property but left the freezer (which contained the hidden body) when she moved out.

In February 2019, the new purchasers of the home cut the locks on the freezer, discovered human remains, and contacted law enforcement. Police transported the body to the coroner's office for examination and, on May 5, 2020, the Commonwealth received a report identifying the remains found in the freezer as belonging to Ms. Delahay. On May 26, 2020, the Commonwealth filed a complaint charging Appellant with theft by deception, receiving stolen property, and abuse of a corpse.

Appellant filed an omnibus pre-trial motion on February 24, 2021, seeking, among other things, dismissal of the theft by deception and receiving stolen property charges. In her motion, Appellant argued that the statute of limitations had passed prior to charges being filed against her. The trial court held a hearing on the motion and denied relief on June 11, 2021.

On April 6, 2022, the trial court conducted a stipulated non-jury trial and found Appellant guilty of the aforementioned charges. On June 17, 2022,

the court sentenced Appellant to concurrent terms of 11.5 to 23 months of incarceration for receiving stolen property and theft by deception, plus two years of probation for abuse of a corpse. Appellant filed a timely notice of appeal on Monday, July 18, 2022. The trial court subsequently ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant complied on August 9, 2022.

Appellant raises two issues on appeal:

Whether the trial court erred when it denied [Appellant's] motion to dismiss the theft by deception charge due to untimely filing where the alleged criminal actions were completed in November 2010 but prosecution was not commenced until May 26, 2020?

Whether the trial court erred when it denied [Appellant's] motion to dismiss the receiving stolen property charge due to untimely filing where the alleged criminal actions were completed in November 2010 but prosecution was not commenced until May 26, 2020?

(Appellant's Brief at 4).

"A question regarding the application of the statute of limitations is a question of law." **Commonwealth v. Succi**, 173 A.3d 269, 279 (Pa.Super. 2017), *appeal denied*, 647 Pa. 196, 188 A.3d 1121 (2018) (quoting **Commonwealth v. Riding**, 68 A.3d 990, 993 (Pa.Super. 2013)). "Thus, 'our standard of review is *de novo* and scope of review is plenary.'" **Id.** (quoting **Commonwealth v. Vega–Reyes**, 131 A.3d 61, 63 (Pa.Super. 2016)).

In her first issue, Appellant claims that the trial court erred when it denied her motion to dismiss the theft by deception charge. Specifically, she

claims the Commonwealth did not file the complaint within the applicable statute of limitations. Appellant insists that the statute of limitations period commenced in November 2010, when she last retained a check that the SSA had issued to Ms. Delahay. Appellant contends that theft by deception is not a continuing crime once the deception or reliance on the deception has ended. Appellant maintains that the elements of the offense were complete when the payments ended and the SSA stopped relying on Appellant's statements that Ms. Delahay had not died. Appellant contends that even if the statute of limitations was extended three years for fraud, the resulting eight-year statute of limitations had passed at the time the Commonwealth filed charges against her in May 2020. Appellant concludes the court erred by denying her motion to dismiss, and this Court must grant relief. We disagree.

The Crimes Code defines theft by deception, in relevant part, as follows:

**§ 3922. Theft by deception**

**(a) Offense defined.**—A person is guilty of theft if [s]he intentionally obtains or withholds property of another by deception. A person deceives if [s]he intentionally:

(1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that [s]he did not subsequently perform the promise;

* * *

18 Pa.C.S.A. § 3922(a)(1). To prove a defendant's guilt of theft by deception, the "Commonwealth must prove that the victim relied upon the false

impression." ***Commonwealth v. McSloy***, 751 A.2d 666, 669 (Pa.Super. 2000), *appeal denied*, 564 Pa. 728, 766 A.2d 1246 (2000) (citing ***Commonwealth v. Fisher***, 682 A.2d 811 (Pa.Super. 1996), *appeal denied*, 546 Pa. 691, 687 A.2d 376 (1996)).

The statute of limitations for theft by deception is five years. 42 Pa.C.S.A. § 5552(b)(1). Nevertheless, Section "5552(c)(1) allows prosecution for an otherwise time-barred offense for any offense a material element of which is either fraud or a breach of fiduciary obligation within one year after discovery of the offense by an aggrieved party…but in no case shall this paragraph extend the period of limitations otherwise applicable for more than three years." ***Succi, supra*** at 281 (citing 42 Pa.C.S.A. § 5552(c)(1)). The statute of limitations for theft by deception does not commence until the victim discovers the deception. ***Fisher, supra*** at 818. Further, "discovery of the fraud is not satisfied by mere suspicion, it requires acquisition of knowledge that a penal statute has been violated." ***Succi, supra*** at 281 (holding statute of limitations for theft by deception and fraudulent business practices was tolled in appellant's case where appellant's fraud was not discovered until day warrant was issued for his arrest).

Instantly, the trial court denied Appellant's motion to dismiss the theft by deception charge, explaining:

> In the instant case, the SSA stopped making the social security payments to Glenora Delahay on November 3, 2010. The SSA had sent out "centenarian letters" to Glenora Delahay in September 2010 and again in October

2010, in an effort to set up an appointment to determine Ms. Delahay's status. When the SSA received no response, they discontinued the payments. At this time, there was not even a "suspicion" that a crime or crimes had been committed involving [Appellant]. The SSA had no way of knowing if Glenora Delahay was dead or alive, or if she had just simply moved away.

Moreover, because the remains had been in a locked freezer on an uninhabited foreclosed property, they were not discovered until February 7, 2019. The remains that were found were not readily identifiable due to the amount of decomposition. Because the remains were not readily identifiable, there was no way of knowing that social security income was being paid to someone who was deceased and had been for some time. As a result, actual knowledge that a penal statute had been violated could not, and did not, occur until the remains were identified. The Commonwealth did not receive the report on the identity of the remains until May 5, 2020.… Because the Complaint was filed on May 26, 2020, only [2]1 days after the remains were identified, [Appellant] was timely prosecuted.

(Trial Court Opinion, filed 11/2/22, at 4-5).

We agree with the trial court that the statute of limitations commenced after the victim, the SSA, discovered that Appellant had hidden Ms. Delahay's body in order to deceive the SSA into continuing to issue monthly checks to Ms. Delahay after her death so that Appellant could obtain those funds. *See Succi, supra*. Although the SSA stopped issuing the monthly checks in November 2010, the statute of limitations did not commence at that time because the SSA was not aware of the deception. *See Fisher, supra*. Accordingly, the trial court did not err when it denied Appellant's request to dismiss the charge of theft by deception. *See Succi, supra*; *Vega–Reyes, supra*. Appellant's first issue merits no relief.

- 6 -

In her second issue, Appellant claims the trial court erred in denying her motion to dismiss the charge of receiving stolen property, claiming the statute of limitations for that crime had also expired when the Commonwealth filed the charge against her. Appellant argues that because she received only monetary, not discrete, property she could not have retained the specific monetary property for a continuing course of time. Appellant insists that money alone does not constitute retained property for the purpose of making receiving stolen property a continuing crime. Appellant avers that when she last received the check from the SSA, in November 2010, the crime was complete for statute of limitations purposes. Appellant concludes the court erred by denying her motion to dismiss, and this Court must grant relief. We disagree.

The Crimes Code defines receiving stolen property, in relevant part, as follows:

**§ 3925. Receiving stolen property**

**(a) Offense defined.**—A person is guilty of theft if [s]he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

18 Pa.C.S.A. § 3925(a). The statute of limitations for receiving stolen property is five years. 42 Pa.C.S.A. § 5552(a).

Receiving stolen property is an ongoing offense, which continues as long as the perpetrator retains possession of the stolen property. ***Commonwealth***

*v. Farrar*, 413 A.2d 1094, 1098 (Pa.Super. 1979) (holding that language of statute defining crime of receiving stolen property makes offense ongoing or continuing one). *See also Commonwealth v. Hawkins*, 439 A.2d 748, 752 (Pa.Super. 1982) (retention of stolen property is "continuing" offense which does not terminate until stolen property is taken from accused).

Here, at the time the Commonwealth filed charges against Appellant, she had not returned or relinquished any of the over $186,000.00 that she had received from the SSA. Appellant has not cited any authority exempting the receipt of stolen money (as opposed to stolen goods or other non-monetary property) from consideration as a continuing offense. Therefore, because Appellant retained the stolen funds, we conclude that Appellant's offense of retaining the stolen SSA checks was a continuing offense that was still ongoing at the time the Commonwealth brought the charges against her. Consequently, the statute of limitations for this offense had not run, and the trial court did not err when it denied Appellant's motion to dismiss this charge. Appellant's second issue merits no relief. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/23/2023